ISBELL *v.* BAY CIRCUIT JUDGE.

1. BAIL—MONEY DEPOSITED AS BAIL NOT AVAILABLE TO PAY FINE AND COSTS.
   There is no authority in this State under Act No. 332, Pub. Acts 1919, or otherwise, to appropriate any part of a cash deposit made in lieu of bail for appearance of a defendant in a criminal case to payment of fine and costs imposed, when he has duly appeared at the time and place enjoined upon him and submitted himself to the jurisdiction of the court.

2. SAME—MONEY BAIL TO BE RETURNED WHEN CONDITIONS FULFILLED.
   After the conditions under which. said money was deposited have been fulfilled, entitling the security to discharge, it was proper and safe for the court to order "the amount to be returned to the person making the deposit," where it was made by the defendant's attorneys also acting as agents for the third person who furnished the money.

Mandamus by Charles L. Isbell to compel Samuel G. Houghton, circuit judge of Bay county, to vacate an order denying a motion for the return of money deposited in lieu of bail.    Submitted June 14, 1921. (Calendar No. 29,525.)    Writ granted July 19, 1921.

*McCormick & Sharpe,* for plaintiff.

*William A. Collins,* Prosecuting Attorney, for defendant.

STEERE, C. J.    Plaintiff's son, Charles S. Isbell, was arrested, proceeded against before a committing magistrate and by him held for trial at the next ensuing term of the Bay county circuit court on a charge of unlawfully having intoxicating liquor in his posses-

sion.   Bail for his appearance at the time and place
specified by the court was fixed by the magistrate at
the sum of $500, in default of which he was remanded
to the county jail to await trial or until released on
bail.   Counsel who had charge of his case consulted
with plaintiff in regard to securing bail for his son,
resulting in plaintiff borrowing $500 from a bank in
Detroit which he caused to be sent to the attorneys to
deposit in lieu of bail for his son's release, as he
was advised could lawfully be done.   The remittance
was made by a Western Union Telegraph Company
check, payable to order of the attorneys.   They in-
dorsed and deposited it with the clerk of the court,
who accepted and subsequently cashed the same, and
the son was released from custody in compliance with
the statute in such case provided.

The son, Charles S. Isbell, duly appeared as his
bail required at the ensuing September, 1920, term
of the Bay county circuit court, was arraigned on the
charge for which he was bound over, pleaded guilty
to the information filed against him for unlawfully
having in possession intoxicating liquor and on Octo-
ber 8, 1920, was sentenced therefor to confinement
at hard labor in the State prison at Jackson for not
less than 6 months nor more than 1 year, with a
recommended maximum of 10 months, "and also
pay to the people of the State a fine of $200
and costs of $50;" and forthwith remanded to custody
of the sheriff for execution of the prison sentence im-
posed upon him.

Oral request was then made for return to plain-
tiff of the money he had deposited as bail for his
son's appearance, which was refused.   On October
16, 1920, he filed a verified petition supported by affi-
davits, showing his ownership of the money and the
circumstances of its deposit, asking an order for its
release and return to him.   An adverse written

opinion by the court was filed and treated by the clerk as an order of denial. Thereafter, on November 27, 1920, counsel for plaintiff presented to the court a petition asking that the opinion of the court previously filed and treated by the clerk as an order be vacated as such and the fund deposited as bail for his son's appearance be ordered returned to plaintiff, or, at least, should any legal claim be established against any part thereof for fine or costs imposed that the balance be ordered returned to him. The court then denied both that and the previous petition by a formal order entered November 29, 1920, which concluded as follows:

"And it is further ordered that the sum of $200 fine and $50 costs imposed upon the said defendant, Charles S. Isbell, at the time of his sentence on the 8th day of October, 1920, be deducted from said deposit of $500, and that the remainder thereof be paid to the said defendant, Charles S. Isbell."

Plaintiff's contentions against this order are interrogatively stated as follows:

"1. May a deposit in lieu of bail, under Act No. 332, Public Acts 1919, for the appearance of a defendant in a criminal case for trial, be appropriated by the court to the payment of fine and costs imposed upon the defendant by sentence?

"2. If so, may such a deposit in fact made and owned by a third person, be appropriated to such purpose and the remainder, if any, be legally paid over to the defendant?"

The only authority for making this money deposit in lieu of bail or any proceedings had thereunder in this case rests in the provisions of Act No. 332, Pub. Acts 1919, entitled:

"An act to provide for the furnishing and acceptance of cash, certified checks or certain obligations of the United States government or of municipal corporations in lieu of bonds or bail of other character required or permitted by law."

The act covers both civil and criminal proceedings and plainly contemplates that the obligation attaching to a deposit so made shall be co-extensive with the requirements or conditions of the bond or bail for which it is permitted to be substituted. In civil proceedings different forms of bonds with varying conditions according to the nature of the proceeding are required or permitted by various statutory provisions, which furnish a test for the obligations which attach to deposits made in lieu of bonds in such cases. Here we are considering a criminal case in which the defendant is held for trial at the ensuing term of the circuit court by the examining magistrate on a charge beyond his jurisdiction to try, under the following requirements of section 15682, 3 Comp Laws 1915:

"If it shall appear that an offense not cognizable by a justice of the peace has been committed, and that there is probable cause to believe the prisoner guilty thereof, and if the offense be bailable by the magistrate, and the prisoner offer sufficient bail, it shall be taken, and the prisoner discharged; but if no sufficient bail be offered, or the offense be not bailable by the magistrate, the prisoner shall be committed to prison for trial."

The statute provides no form of recognizance nor specifies conditions to be imposed in such cases, except that the bail required and accepted shall be "sufficient." The amount of bail imposed in this case was $500. Cash to that amount furnished by plaintiff was thereafter deposited with the county clerk in lieu of such bail and his son was released from custody. Except as provided by statute, money cannot be deposited as security in place of bail, and an officer empowered to let to bail has no authority to receive it as such (1 Bishop's Criminal Procedure [2d Ed.], § 264). As applicable here section 1 of said Act No. 332 provides:

"In any cause, action, proceeding or matter before any court * * * Where * * * bail of any character is required or permitted for any purpose, it shall be lawful for the party or parties required or permitted to furnish such bail * * * to deposit, in lieu thereof, in the manner herein provided for, cash * * * equal in amount to the amount of the * * * bail so required or permitted."

While the parties transacting the business were somewhat lax in following prescribed details, the money was received by the clerk of the court for the purpose it was offered, accepted and held as such ever since, and the prisoner was released on the strength of it. It has been consistently recognized and acted upon by all parties, including the court, as a deposit authoritatively made under the act in lieu of bail for the appearance of a defendant bound over for trial in a criminal case.

Under common-law criminal procedure, in the absence of special statutory provisions, the scope and purpose of bail in such cases is the appearance of the party accused at the time and place specified. It is called "sufficient surety for his appearance" in Blackstone's chapter on "Commitment and Bail" (4 Bl. Com. p. 296). In the chapter of 1 Bacon's Abridgement, p. 597, on "Bail in Criminal Cases" it is said:

"For if a man's bail, who are his jailors of his own choosing, do as effectually secure his appearance, and put him as much under the power of the court as if he had been in custody of the proper officer, they seem to have answered the end of the law, and to have done all that can reasonably be required of them."

In Black's Law Dictionary it is defined as follows:

"BAIL, v. To procure the release of a person from lawful custody, by undertaking that he shall appear at the time and place designated and submit himself to the jurisdiction and judgment of the court. * * *

"BAIL, n. In Practice. The sureties who procure

the release of a person under arrest by becoming responsible for his appearance at the time and place designated."

Substantially the same definition appears in Tiffany's Criminal Law of Michigan, p. 139. It would scarcely be claimed the sureties who by recognizance or bond, which is essentially the same, procured the release of a prisoner by becoming responsible for his appearance to answer to a charge against him, would be holden for any fine and costs imposed upon him on conviction after he had personally appeared for trial and submitted himself to the jurisdiction of the court at the time and place required. Had he defaulted in that particular the court could declare his bail forfeited in its entirety and hold the sureties for the full penalty of the bail. We find nothing in this statute providing for partial forfeiture of a deposit in lieu of bail to cover such fine and costs as the court might impose.

An examination of the text in Corpus Juris (6 C. J. p. 1024) and other authorities cited to sustain defendant's contention discloses that theory supported only by decisions in States where it is not only specifically provided by statute that cash may be deposited in lieu of bail, as here, but that the deposit may be applied by the court, in whole or in part, to satisfy a fine or costs following conviction, for which our statute does not provide. The decisions in those States sustaining application of bail money to satisfy fines and costs particularly note the express statutory provisions for their authority to so hold. This is well illustrated in *State* v. *Ross*, 100 Tenn. 303 (45 S. W. 673), where, in holding fine and costs were properly retained from a fund deposited in lieu of bail, the court cites *People* v. *Laidlaw*, 102 N. Y. 588 (7 N. E. 910), and says:

"Our statute clearly proceeds on the same theory, but the statute of Tennessee goes further than the statute of New York, in providing that such deposit shall be applied to costs as well as fine, and directs in express terms that the surplus, if any, shall be paid to the defendant."

There is no authority in this State under said Act No. 332, or otherwise, to appropriate any part of a deposit made in lieu of bail for appearance of a defendant in a criminal case to payment of fine and costs imposed, when he has duly appeared at the time and place enjoined upon him and submitted himself to the jurisdiction of the court.

As to the right of a third party who furnished the funds for deposit to its return after the conditions of the deposit have been satisfied, the statute is not entirely clear. Section 1 extends the privilege of deposit in lieu of bail to the "party or parties required or permitted to furnish such bail." Section 2 prescribes the course to be followed by "any person, firm or corporation desiring to avail himself of the provisions of this act," and directs that the officer with whom the deposit is made shall "deliver to the depositor a duplicate receipt reciting the fact of such deposit." Section 4 provides that:

"If such bond or security be discharged, an order to that effect shall be entered upon the records of the court, board or commission with a statement of the amount to be returned to the person making the deposit." *   *   *

It also provides that the deposit shall not be subject to garnishment.

We think it fairly inferable from the act considered as a whole that a deposit made and accepted in compliance with and for the purposes of the statute is, while serving such purpose, conclusively presumed so far as the pending proceeding is concerned to have

been deposited by and the property of the defendant, to the exclusion of any other claimant; but if, and when, all conditions under which it was deposited as a substitute for bail have been fulfilled entitling the security to discharge, the presumption of ownership, though yet remaining, is not necessarily conclusive.

We, however, see no occasion here to pursue that subject into supposititious cases, for it appears undisputed that the deposit was made by the defendant's attorneys, also acting as agents for plaintiff in that particular as claimed, at the same time representing both father and son, the only possible claimants for the fund. Under such circumstances it is proper, and safe, for the court to order "the amount to be returned to the person making the deposit."

Writ may issue in harmony with this opinion, but without costs to either party.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.