### HEINE v. UNITED STATES.

### UNITED STATES v. HEINE.

Nos. 9394, 9395.

Circuit Court of Appeals, Sixth Circuit.
June 1, 1943.

Norman J. Miller, of Detroit, Mich., for Heine, appellant and cross-appellee.

Morris K. Siegel, of Brooklyn, N. Y. (John C. Lehr and Arnold W. Lungerhausen, both of Detroit, Mich., and Morris K. Siegel, of Brooklyn, N. Y., on the brief), for the United States, appellee and cross-appellant.

Before HICKS, SIMONS, and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

The Government's cross-appeal relating to a jurisdictional question was not prosecuted. We are concerned only with the appeal of Elizabeth Heine from an order of the District Court, directing among other things, that a fine of $5,000.00 against Edmund Carl Heine in a criminal case be paid from the sum of $25,000 deposited by appellant and one Keydel, in lieu of a bail bond for Heine. The undisputed facts as found by the court are as follows:

On July 1, 1941, Heine was indicted in a District Court of the Eastern District of New York under the Espionage Act. He was arrested upon a warrant issued by a United States Commissioner for the Eastern District of Michigan and proceedings were taken before a District Judge at Detroit to remove him to the Eastern District of

New York. On July 18, 1941, Keydel and appellant deposited with the Clerk of the District Court at Detroit the sum of $25,000 in cash in lieu of a surety bond for the appearance of Heine in the New York court, and in connection with the cash deposit the defendant, Edmund C. Heine, as principal, and Keydel and appellant Elizabeth Heine, as sureties, executed an instrument, the pertinent portions of which are as follows:

"* * * personally appeared Edmund Carl Heine of Oakland County, in said District and produce (sic) as surety Elizabeth Heine and O. F. Keydel, Sr., both of Detroit, Michigan, who have deposited with the clerk of said court the sum of * * * ($25,000.00) * * * in lieu of a surety bond, severally acknowledged themselves bound unto the United States of America in the sum of * * * ($25,000.00) * * *, good and lawful money of the United States of America, to be levied of their goods and chattels, lands and tenements if default be made in conditions following to-wit:

"The condition of this recognizance is such that if the bonded defendant shall personally be and appear in the United States District Court for the Eastern District of New York, at the Federal Courthouse in Brooklyn * * * the 25th day of July, A. D. 1941 * * * to answer to any indictment * * * against Edmund Carl Heine and to abide such order and determination as said court may make concerning him in said indictment * * * and shall not depart from said court without leave thereof, then the above obligation to be void, otherwise to remain in full force and effect.

"Edmund C. Heine (Seal)
"Oscar F. Keydel (Seal)
"Elizabeth Heine (Seal)."

This instrument was acknowledged before the Clerk, was accepted by the Judge and was filed; and Heine was liberated. The Clerk on the same day issued the following receipt:

"Receipt No. A 6726 Docket No. (Misc.)
"$25,000.00
"United States District Court, Eastern District of Michigan.
"Detroit, Michigan, July 19, 1941.
"Received from O. F. Keydel, Sr., and Elizabeth Heine twenty-five thousand and no/100 dollars for deposit in lieu of a surety bond, for the appearance of Edmund Carl

Heine in the U. S. District Court for the Eastern District of New York, United States of America v. Edmund Carl Heine.

"George M. Read,
"Clerk,
"By Albert L. Allred,
"Deputy Clerk."

On July 25, 1941, he appeared before the District Court in New York and was released until his trial or until further orders of the court.

On December 10, 1941, he was convicted and surrendered himself to the Marshal and on January 2, 1942, he was fined $5,000 and was sentenced to a prison term which he was serving at the time of the hearing of this controversy.

On February 18, 1942, Keydel and appellant Elizabeth Heine filed a petition, which, stripped of immaterialities, requested cancellation of the penal bond signed by them and the return to them of the $25,000 deposit. In its answer to this petition the Government insisted that $5,000 of the $25,000 should be applied upon the fine assessed against Edmund C. Heine. Thereupon petitioners filed an amended petition in which they sought to have $20,000 of the cash deposit returned to them without waiving their rights to the remaining $5,000. On June 22, 1942, an order of disbursement was entered directing the return of $20,000 to petitioners.

On July 27, 1942, following petition by appellee for amendment of the disbursement order, the court held that the fine was a lien upon the entire $25,000 and directed the Clerk to satisfy the lien by the payment of the fine out of the deposit to the Clerk of the District Court at New York. The appeal was taken from this amended order.

The court found as a fact, and it is undisputed, that Keydel and appellant advanced the $25,000 in cash, "from their own funds and from loans made from various acquaintances, relatives and friends." The question here is, whether this money, or any portion thereof, can be applied to the payment of the fine. We think that it cannot.

■ In support of its contention appellee relies upon Section 15 of Title 6 U.S.C.A. This section is not applicable. It provides that "any person" who is required to execute a "penal bond" with surety or sureties may in lieu of such surety or sureties deposit, as security, United States Liberty bonds or other bonds or notes of the United States and that as soon as security for the performance of the penal bond is no longer necessary, such bonds or notes so deposited shall be returned to the depositor. We have no such case. Keydel and Elizabeth Heine were not required to execute any bond. Simply stated, they became surety for Edmund C. Heine and the deposit of $25,000 which was intended to strengthen the security, was not in Government bonds, but in actual money of which Edmund C. Heine was not the depositor and in which he had no interest.

The applicable statute is Title 18 U.S.C.A. § 591,[1] which assimilates the federal practice to that of the states in certain matters, including the giving of bail.

The pertinent state statute is § 17174,[2] Compiled Laws of Michigan, 1929. In Isbell v. Bay Circuit Judge, 215 Mich. 364, 183 N.W. 721, 723, 16 A.L.R. 971, the Supreme Court of Michigan construed Sec. 332 of the Public Acts of 1919, which was superseded by Sec. 17174, and which is almost identical in wording. The court had before it the same question which confronts us. It said: "There is no authority in this state under said Act 332, or otherwise, to appropriate any part of a deposit made in lieu of bail for appearance of a defendant in a criminal case to payment of fine and costs imposed, when he has duly appeared at the time and place enjoined upon him and submitted himself to the jurisdiction of the court."

---

[1] "Section 591. Arrest and removal for trial. For any crime or offense against the United States, the offender may, by any * * * judge of the United States * * * *of any State where he may be found, and agreeably to the usual mode of process against offenders in such State,* and at the expense of the United States, *be arrested and imprisoned, or bailed, as the case may be,* for trial before such court of the United States as by law has cognizance of the offense. * * *" (Italics ours.)

[2] "17174 Deposit of cash * * * in lieu of bond or bail * * *. Sec. 12. In any criminal cause or proceeding where bond or bail * * * is required * * * the party or parties required or permitted to furnish such bail or bond may deposit, in lieu thereof, * * * cash * * * equal in amount to the amount of the bond or bail so required or permitted."

We think that this statement of the law is sound. The bail bond accompanied by the cash deposit embodied the simple obligation that Edmund C. Heine would appear before the New York court at a given time and not depart the court without leave. This he did and the sureties "have a right to stand upon the very terms of their undertaking." Reese v. United States, 9 Wall. 13, 21, 19 L.Ed. 541; Ewing v. United States, 6 Cir., 240 F. 241, 254. Appellee's contention could not be read into the bond by the Supreme Court of Michigan, where it was executed. Indeed, no support whatever for this contention can be found within the four corners of the bond itself.

■ Appellee's contention is that the cash deposit will be conclusively presumed both in fact and in law to be the property of Edmund C. Heine and must therefore be subjected to the payment of the fine against him. The difficulty with this proposition is, that the District Court found upon undisputed facts that the deposit was advanced by the sureties from their own funds and from money they had borrowed. There can be no presumption contrary to an undisputed fact. The fact negatives the presumption.

There is a presumption of law in a certain type of case that money deposited by strangers in lieu of bail for a defendant must be treated as money of the defendant and therefore subject to the payment of any fine assessed against him. This presumption usually arises by reason of a statute to that effect. This is well enough because it is a reasonable conclusion that those advancing the money do so in full contemplation of the provisions of the statute. See State v. Ross, 100 Tenn. 303, 305, 45 S.W. 673.

■ But, as pointed out in the Isbell case, supra, there is no such statute or other authority in Michigan, where the bond here involved was executed "agreeably to the usual mode of process against offenders in such State." A bail bond is "process." See In re Gannon, D.C., 27 F.2d 362, 363; United States v. Luther, D.C., 13 F.Supp. 126, 128. The bond is a contract between the sureties and the Government (United States v. Zarafonitis, 5 Cir., 150 F. 97, 99, 10 Ann.Cas. 290; United States v. Davenport, D.C., 266 F. 425, 427) and its application depends upon its wording and the applicable state law. Western Sur. Co. v. United States, 9 Cir., 72 F.2d 457, 459; Palermo v. United States, 8 Cir., 61 F.2d

138, 140. So far as the wording of the bond is concerned, the sureties are entitled to a return of their money, the obligation of the bond having been fulfilled. The law will not deprive them of their own upon an unbreached contract.

The order appealed from is reversed and the case remanded to the District Court for further proceedings consistent herewith.