### PEOPLE *v.* McCRACKEN.

#### APPEAL OF UNITED BONDING INSURANCE COMPANY.

1. BAIL—RECOGNIZANCE BOND—BREACH—IMPRISONMENT OF PRINCIPAL.

   Imprisonment of the principal on a criminal recognizance bond in another jurisdiction does not excuse the surety from production of the principal, because the surety, as jailer away from jail, is bound at its peril to keep the accused within the jurisdiction in which the recognizance is given.

2. SAME—RECOGNIZANCE BOND—BREACH—IMPRISONMENT OF PRINCIPAL.

   Surety on a recognizance bond to assure the appearance of the principal in a court in Michigan *held*, liable on the bond when the principal fails to appear because he is imprisoned by Federal authorities in Indiana.

Appeal from Kalamazoo, Fox (Raymond W.), J. Submitted Division 3 April 2, 1968, at Grand Rapids. (Docket Nos. 1,375, 1,376, and 1,377.) Decided May 29, 1968.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Bail and Recognizance §§ 187–189.

Petition by the people against United Bonding Insurance Company, an Indiana corporation, for the amount of 3 recognizance bonds posted for Walter L. McCracken, upon failure of McCracken to appear in court for trial. Bonds forfeited and judgment entered against surety. Surety appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney and *James L. Shonkwiler, Jr.,* Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins,* for surety.

BURNS, P. J. The United Bonding Insurance Company appeals from judgments which were entered upon the forfeiture of 3 recognizance bonds. The question common to each of these consolidated cases is:

"Should a forfeiture of the bond and a subsequent judgment be entered against the surety when the principal is unable to appear because of incarceration by the Federal authorities (in Indiana) and the surety has offered to produce the principal upon his release by the Federal authorities or in the alternative, deposit a sum of money with the court to guarantee the cost of returning the principal upon his release by the Federal authorities?"

The Michigan Supreme Court has stated by way of dictum that the impossibility of the principal appearing at a specified time because of arrest and detention *in Michigan* would discharge the surety from liability. *People* v. *Robb* (1894), 98 Mich 397, 400. But the Court has not addressed itself to the problem of incarceration outside of Michigan. The majority rule is clear that such imprisonment

will not excuse the production of the principal.   See
*State* v. *Mitchell* (1965), — Del — (212 A2d 873),
and relevant cases cited therein on p 885.

United Bonding Insurance Company, as jailer
away from jail, was bound at its peril to keep the
accused within this jurisdiction.

Judgments affirmed.

QUINN and ZIEM, JJ., concurred.