**1290**

**UNITED STATES, Plaintiff,**

v.

**Victor Manuel STUART, Defendant.**

**Misc. No. 1764.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 26, 1970.

Robert L. Livingston, Jr., Asst. U. S. Atty., for plaintiff.

Philip L. Kitchen, New Orleans, La., for defendant.

RUBIN, District Judge:

On November 6, 1969 a Federal Grand Jury in New Orleans filed a true bill against Victor Manuel Stuart for importing marihuana into the United States in violation of 21 U.S.C. § 176a. On December 3, 1969, the defendant pleaded not guilty to the charge and was released on bond provided by the Stuyvesant Insurance Co.

After changing his plea to guilty, the defendant was released on the same bond pending completion of the pre-sentence report on April 24, 1970. On the date set for sentencing, Stuart failed to appear and the bond was ordered forfeit. In an attempt to vacate this forfeiture, the bonding company has argued that its only obligation was to produce the defendant at his trial and that the bond was cancelled when the court accepted the guilty plea.

In a bail bond, the surety undertakes contractual duties whose breadth is determined by the language of the agreement. Dudley v. United States, 5 Cir. 1957, 242 F.2d 656; Heine v. United States, 6 Cir. 1943, 135 F.2d 914; United States v. D'Argento, N.D.Ill.1964, 227 F.Supp. 596. The bond signed by Stuyvesant was drawn in conformity with Form 17, Federal Rules of Criminal Procedure, 18 U.S.C., and listed as conditions:

"[T]hat the defendant is to appear before * * * the United States District Court for the Eastern District of Louisiana * * * in accordance with any and all orders and directions relating to the defendant's appearance (and) that the defendant is to abide any judgment entered * * * (by) obeying any order or direction in connection with such judgment as the court imposing it may prescribe."

The second explicit condition of the bond effectually disposes of the sure-

ty's contention that a plea or a judgment of guilty abrogated its obligations. The defendant's failure to comply with a condition of the bond is manifest. The motion for the vacation of forfeiture is, therefore, denied.