**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herberto MADRIGAL, Defendant,**

and

**International Fidelity Insurance Co., Defendant-Appellant.**

No. 81–1667.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 5, 1982.

Decided Nov. 10, 1982.

N.C. Deday LaRene, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Karl Overman, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before KEITH and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this civil case, Defendant-Appellant, International Fidelity Insurance Co. (Fidelity) appeals from District Judge Churchill's Order denying Fidelity's motion for an order compelling the Government to accept United States treasury bonds in satisfaction of Fidelity's obligation on a bail bond forfeiture by defendant Madrigal. The issue on appeal is whether 6 U.S.C. § 15 (1976) should be applied to the obligation of a surety on a bond forfeiture.

6 U.S.C. § 15 provides that "any person who is required to furnish" a penal bond, may deposit with the appropriate official, United States bonds or notes having a face value equal to the amount of the penal bond required in lieu of obtaining a surety. When defendant Madrigal forfeited his bail bond by not appearing for trial, Fidelity did not contest its liability as Madrigal's surety on the $15,000 bond. It tried to satisfy its obligation, however, by tendering United States Treasury Bonds with a face value of $15,000, but a market value of only about $12,500, contending that 6 U.S.C. § 15 should be read to permit such tender in satisfaction of a bond forfeiture. For the reasons discussed below, we disagree with Appellants' reading of the statute and affirm the District Court's Order refusing to compel acceptance of the bonds.

By its language, 6 U.S.C. § 15 does not reach the case at bar. It refers only to the right of the defendant himself to deposit certain types of government securities as bond *instead of* using a surety to make bail. This Court, in *Heine v. U.S.,* 135 F.2d 914 (6th Cir.1943), discussed the applicability of 6 U.S.C. § 15 to a surety in connection with the issue of whether a cash deposit by sureties could be used to satisfy a fine against the defendants. The court stated that the statute was not applicable to a cash deposit by sureties, because a surety is not a person who "is required to furnish" a personal bond.

Appellant admits that the statutory language does not explicitly cover a surety's obligations upon bond forfeiture. It argues, however, that because a third party can deposit money or securities as bail for a defendant initially, that a surety should have the same freedom upon default. It is by no means clear that such bonds would be acceptable in this Circuit in light of *Heine.* If they were accepted, any deficiency upon forfeiture by the defendant could be satisfied out of other assets of the obligor under F.R.Crim.P. 46(e)(3), which provides:

(3) Enforcement. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action.

In this case, however, Fidelity is trying to satisfy its entire obligation on a $15,000 bond, with securities worth less than that amount.

In short, the language of 6 U.S.C. § 15 does not apply to sureties, and Fidelity has offered no convincing justification for allowing it to satisfy its contractual obligation to the government with property worth less than the agreed amount.

Accordingly, the Order of the District Court is affirmed.