PEOPLE v GREGG

Docket No. 158945. Submitted May 10, 1994, at Marquette. Decided
July 6, 1994, at 9:20 A.M.

Billy J. Gregg was convicted by a jury in the Chippewa Circuit
Court, Nicholas J. Lambros, J., of child abuse in the fourth
degree. The defendant appealed, challenging the constitutional-
ity of the child abuse statute.

The Court of Appeals *held:*

1. The term "physical harm" as used in the child abuse
statute, MCL 750.136b; MSA 28.331(2), is sufficiently well-de-
fined to provide persons of ordinary intelligence notice of the
conduct proscribed. The statute clearly defines child abuse in
the fourth degree as an omission or reckless act that causes
any injury to a child's physical condition.

2. Although the term "reckless" is not defined in the child
abuse statute, the term has a plain and ordinary meaning. The
use of the term does not confer on a jury unstructured and
unlimited discretion to determine whether an offense has been
committed.

3. The child abuse statute is not overbroad by reason of
impinging on any constitutional right of a parent to raise and
reasonably discipline a child through the use of physical pun-
ishment. The child abuse statute specifically provides that it is
not intended to prohibit a parent from reasonably disciplining
a child, including the use of reasonable force.

Affirmed.

CONSTITUTIONAL LAW — CHILD ABUSE — CRIMINAL LAW — VAGUE-
NESS — OVERBREADTH.

The child abuse statute in defining the crime of child abuse in the
fourth degree is neither vague nor overbroad in the constitu-
tional sense (MCL 750.136b[5]; MSA 28.331[2][5]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Constitutional Law §§ 459, 460; Criminal Law § 17;
Infants § 16.
Validity and construction of penal statute prohibiting child abuse. 1
ALR4th 38.

*Casey,* Solicitor General, *Patrick M. Shannon,* Prosecuting Attorney, and *Steven B. Flancher,* Assistant Attorney General, for the people.

*Lewinski & Brewster, P.C.* (by *Paul M. Brewster*), for the defendant.

Before: MacKENZIE, P.J., and NEFF and R. L. OLZARK,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of fourth-degree child abuse, MCL 750.136b(5); MSA 28.331(2)(5), for abusing his four-year-old son. Defendant was sentenced to serve 120 days in jail. The trial court also placed defendant on probation for a period of eighteen months. Defendant now appeals as of right. We affirm.

I

Defendant struck the boy twice in the face and once in the leg while the boy was playing with some toy race cars. There is no indication why defendant struck the boy. The blows to the boy's face caused blood blisters, bruises, and a hand-shaped welt on the side of the boy's face. The bruises had lightened two days after the assault; however, the marks were still visible on the boy's face one week after the assault.

Defendant moved in the trial court to set aside his conviction, arguing that MCL 750.136b(5); MSA 28.331(2)(5) was unconstitutionally vague and overbroad. The trial court denied the motion.

II

Defendant contends that the statute under

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which he was convicted is unconstitutional because it is impermissibly vague. We disagree.

Statutes are presumed to be constitutional, and courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *Caterpillar, Inc v Dep't of Treasury,* 440 Mich 400, 413; 488 NW2d 182 (1992); *People v Trinity,* 189 Mich App 19, 21; 471 NW2d 626 (1991). The party challenging a statute's constitutionality has the burden of proving its invalidity. *Id.*

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overly broad and impinges on First Amendment freedoms. *Doe v Attorney General,* 194 Mich App 432, 440; 487 NW2d 484 (1992). Defendant attacks MCL 750.136b(5); MSA 28.331(2)(5) on all three grounds.

MCL 750.136b(5); MSA 28.331(2)(5) provides:

> A person is guilty of child abuse in the fourth degree if the person's omission or reckless act causes physical harm to a child. Child abuse in the fourth degree is a misdemeanor punishable by imprisonment for not more than 1 year.

A

Defendant claims that this statute fails to provide fair notice of what conduct is proscribed, because it uses a circuitous definition of "physical harm" that explains nothing because it could include anything from a paper cut to death. We disagree.

To be constitutional, a contested statutory phrase must give persons of ordinary intelligence notice of the conduct that will subject them to criminal liability. *People v Hicks,* 149 Mich App 737, 741; 386 NW2d 657 (1986). The term "physical harm" is defined by MCL 750.136b(1)(d); MSA 28.331(2)(1)(d) as "any injury to a child's physical condition." Viewing the term "physical harm" in the context of the fourth-degree child abuse statute taken as a whole, we find that the statute clearly provides fair notice to persons of ordinary intelligence of the conduct proscribed, namely, an omission or reckless act that causes any injury to a child's physical condition. Defendant has failed to sustain his burden of proving the invalidity of MCL 750.136(b)(5); MSA 28.331(2)(5) on this basis.

**B**

Defendant next argues that the statute confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed, because there are no guidelines to ascertain what conduct is permitted or prohibited. In so arguing, defendant claims that the word "reckless," as used in the statute, and the word "reasonable," as used in the instructions to the jury, are undefined and their meanings are unknown.

We will not review defendant's claim of error with regard to the jury instruction, because defendant expressed satisfaction at trial with the instructions given. *People v Taylor,* 159 Mich App 468, 488; 406 NW2d 859 (1987).

Unless defined in the statute, every word of the statute should be accorded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *People v Tracy,* 186 Mich App 171, 176; 463 NW2d 457 (1990). If a

statute does not expressly define its terms, a court may consult dictionary definitions. *People v Downey,* 183 Mich App 405, 409; 454 NW2d 235 (1990).

Black's Law Dictionary (6th ed) defines "reckless" as:

> Not recking; careless, heedless, inattentive; indifferent to consequences. According to circumstances it may mean desperately heedless, wanton or willful, or it may mean only careless, inattentive, or negligent. For conduct to be "reckless" it must be such as to evince disregard of, or indifference to, consequences, under circumstances involving danger to life or safety to others, although no harm was intended.

*The Random House College Dictionary, Revised Edition,* defines "reckless" as:

> 1. utterly unconcerned about the consequences of some action; without caution; careless . . . . 2. characterized by or proceeding from such carelessness.

Given these dictionary definitions of the word "reckless" and applying its plain and ordinary meaning to the language of the statute, we find defendant's claim that the statute confers upon the jury unstructured and unlimited discretion to determine whether an offense has been committed to be without merit. The statute prohibits the commission of a reckless act that causes physical harm to a child.

C

Defendant's final claim is that the statute is overbroad and impinges on his First Amendment right to raise and reasonably discipline his child through the use of physical punishment. We disagree.

Statutory provisions must be read in the context of the entire statute so as to produce an harmonious whole. *Downey, supra.* Subsection 6 of the child abuse statute, MCL 750.136b(6); MSA 28.331(2)(6), expressly provides that the statute shall not be construed to prohibit a parent from taking steps to reasonably discipline a child, including using "reasonable force." It states:

This section shall not be construed to prohibit a parent or guardian, or other person permitted by law or authorized by the parent or guardian, from taking steps to reasonably discipline a child, including the use of reasonable force.

"Reasonable" is defined by Black's Law Dictionary (6th ed) as:

Fair, proper, just, moderate, suitable under the circumstances. Fit and appropriate to the end in view. Having the faculty of reason; rational; governed by reason; under the influence of reason; agreeable to reason. Thinking, speaking, or acting according to the dictates of reason. Not immoderate or excessive, being synonymous with rational, honest, equitable, fair, suitable, moderate, tolerable.

The term is also defined in *The Random House College Dictionary, Revised Edition,* as:

1. agreeable to or in accord with reason or sound judgment; logical. 2. not exceeding the limit prescribed by reason; not excessive . . . .

Given subsection 6 of the child abuse statute, which expressly provides that a parent may use "reasonable force" to discipline a child, defendant's claim that the fourth-degree child abuse statute is overbroad and impinges on his right to discipline his child is clearly without merit.

Affirmed.