*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

YOLANDA MARIE WASHINGTON,

       Defendant-Appellant.

UNPUBLISHED
June 13, 2024

No. 365307
Berrien Circuit Court
LC No. 2022-001452-FH

Before: MALDONADO, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right her October 13, 2022 jury trial convictions of third-degree child abuse, MCL 750.136b(5), and domestic violence, MCL 750.81(2). Defendant was sentenced to serve 15 days in jail, with credit for 3 days served, and 18 months' probation. Defendant argues that the prosecution presented insufficient evidence to support her child abuse conviction, that the statute governing child abuse is unconstitutionally vague, and that her trial attorney's failure to request a special jury instruction defining "reasonable force" constituted ineffective assistance. We affirm.

## I. BACKGROUND

This case stems from a child abuse incident defendant perpetrated against her daughter, JE, who was 11 years old at the time of trial. JE testified that when she would get in trouble with defendant she would "[g]et a whooping," meaning that defendant would hit her with a belt. However, there was an incident when JE was 9 years old that defendant hit her with a cell phone charger. JE testified that she had marks on her legs from where she would get "whoopings" from defendant, and the prosecution admitted photographs of some of these marks. One of the marks was a "C" shaped scar from when defendant hit her with a phone charger. During cross-examination, JE testified that defendant usually hit her with a belt, and she explained where defendant would hit her:

       *Q.* Would it be accurate to say that your mom was trying to spank you on those—on the behind?

-1-

*A.* Yes.

*Q.* Okay. And you would kind of squirm, right, because you didn't want to get hit?

*A.* Yes.

*Q.* Okay. And your mom would, maybe not on purpose, but she would get your leg, because you were squirming around?

*A.* Yes.

A detective then played an interview in which defendant admitted to disciplining JE using a belt. She was asked about whether she had ever used a phone charger, and she neither admitted nor denied this. A forensic nurse testified that she examined JE and found scars on her leg, and JE disclosed that "when she got whooped, she moved, and that the belt and the phone cor—charger cord had hit her on her leg.

Defendant testified in her own defense and stated that hitting JE with a belt was a last-resort punishment for severe misbehavior that she had only used approximately three times. Defendant was not sure if "whooping" JE left the marks on her legs, but she said, "I guess," when asked during cross-examination if she caused the scars. Defendant testified that it was always her intent to hit JE's buttocks, but she admitted telling the detective that she would also hit JE on the arms and legs. When defendant hit JE with the belt, she would "[j]ust fall and be dramatic with it". Defendant testified that she never intended to injure JE, and that she would not hit JE for more than 10 seconds. Defendant denied having ever hit JE with a phone charger.

Defendant was found guilty as described above, and this appeal followed.

## II. SUFFICIENCY

Defendant argues that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that she was guilty of third-degree child abuse.[1] We disagree.

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). To decide "whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). "The prosecution need not negate every theory consistent with innocence, but is obligated to prove its own theory beyond a reasonable doubt, in the face of whatever contradictory evidence the defendant may provide." *People v Chapo*, 283 Mich App 360, 363-364; 770 NW2d 68 (2009). "Circumstantial evidence and reasonable inferences drawn

---

[1] Defendant does not dispute that the prosecutor presented sufficient evidence to prove beyond a reasonable doubt that she was guilty of domestic violence.

from it may be sufficient to establish the elements of a crime. Minimal circumstantial evidence is sufficient to prove an actor's state of mind." *People v Fennell*, 260 Mich App 261, 270-271; 677 NW2d 66 (2004). "A jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (quotation marks, citation, and alteration omitted).

Third-degree child abuse is governed by MCL 750.136b(5), which provides:
A person is guilty of child abuse in the third degree if any of the following apply:

(a) The person knowingly or intentionally causes physical harm to a child.

(b) The person knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a child, and the act results in physical harm to a child.

The statute lays out both a specific intent theory and a general intent theory through which third-degree child abuse can be committed. Both theories require that the child suffer physical harm, a term which "means any injury to a child's physical condition." MCL 750.136b(1)(e). The term "injury" means "harm or damage to the state of a child's body . . . ." *People v Lawhorn*, 320 Mich App 194, 201; 907 NW2d 832 (2017). Defendant was charged with the specific intent theory, which requires a showing that the person intended to cause physical harm. MCL 750.136b(5)(a). However, the statute "does not prohibit a parent or guardian, or other person permitted by law or authorized by the parent or guardian, from taking steps to reasonably discipline a child, including the use of reasonable force." MCL 750.136b(9).

The facts of this case are similar to *People v Lawhorn*. This Court laid out the facts of that case as follows:
Testimony at trial revealed that defendant admitted that she "whupped" the victim with a belt, hit him "too hard," and caused marks to be left on the victim. Additionally, Kirsten Harder testified that when she investigated the case in May 2013, as part of her work for Child Protective Services (CPS), she observed injuries on the back of the victim's thigh and calves that were scabbed over, and the victim reported that he also had marks on his buttocks that had bled and scabbed over. When Harder asked the victim how he had received the marks, he indicated that he had gotten in trouble at home a few days earlier, that defendant had "whupped him with a belt on the butt and the back of his legs," and that the marks were made by the "whupping" defendant had given him. [*Lawhorn*, 320 Mich App at 203-204.]

This Court held in a binding opinion, MCR 7.215(J)(1), that "[a] jury could reasonably conclude from this evidence that defendant knowingly or intentionally caused an injury to the victim's physical condition—i.e., "physical harm"—and that the force defendant exerted in disciplining the victim exceeded that which would be "reasonable" . . . ." *Id*. at 204.

It cannot be meaningfully disputed that the scars on JE constituted physical harm, and defendant does not attempt to do so. Defendant likewise does not dispute that she caused the scars by hitting JE. Instead, defendant targets the state of mind element. Defendant argues that there

was no evidence defendant intended to cause physical harm. However, "[m]inimal circumstantial evidence is sufficient to prove an actor's state of mind." *Fennell*, 260 Mich App at 270-271. Defendant admitted to hitting JE with a belt, and there was evidence she also hit JE with a phone charger.[2] "[A] jury may presume that a person intended the natural consequences of their actions." *People v Darga*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 7 (quotation marks, citation, and alteration omitted). The simple fact that defendant hit JE with a belt and phone charger with sufficient force to cause scars still present two years later is enough evidence for a rational finder of fact to conclude that defendant intended to cause physical harm.

Defendant emphasizes the evidence that she was attempting to hit JE's buttocks, but JE squirmed, causing defendant to hit her legs. There are three problems with this argument. First, defendant told the detective that she would sometimes hit JE's arms and legs. Second, a jury could infer that any reasonable person would anticipate that a young child would squirm in anticipation of being hit. Third, it is not clear to us how defendant's purported intent to hit JE's buttocks helps her case; there is no evidence suggesting that the skin on JE's buttocks was less susceptible to injury than the skin on her legs. Defendant also relies on MCL 750.136b(9), suggesting that the prosecution did not prove that her actions did not constitute reasonable parent discipline. However, a jury could rationally conclude that hitting a child with a belt and a phone charger hard enough to leave scars is not a reasonable use of force.

For these reasons, we conclude that the prosecution presented sufficient evidence to prove third-degree child abuse beyond a reasonable doubt.

## III. VOID FOR VAGUENESS

Defendant argues that the statute governing third-degree child abuse is unconstitutionally vague "because it does not provide fair notice of the difference between reasonable force in disciplining a child and what constitutes criminal conduct." However, defendant also concedes that this argument has been addressed and rejected by multiple binding opinions of this Court. In *People v Gregg*, 206 Mich App 208, 212-213; 520 NW2d 690 (1994), this Court rejected the defendant's contention that the definition of fourth-degree child abuse was "overbroad and impinges on his First Amendment right to raise and reasonably discipline his child through the use

---

[2] Defendant denied hitting JE with the phone charger, but "[i]t is the province of the jury to determine questions of fact and assess the credibility of witnesses[.]" *People v Odom*, 276 Mich App 407, 419; 740 NW2d 557 (2007), (quotation marks and citation omitted). JE offered contradictory statements regarding being hit with the phone charger, but when a conviction is based on contradictory testimony, this Court must defer to the jury's decision unless the "testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it or [the testimony] contradicted indisputable physical facts or defied physical realities . . . ." *People v Lemmon*, 456 Mich 625, 645-646; 576 NW2d 129 (1998) (quotation marks and citation omitted). Moreover, the prosecution did not even need to prove that defendant used a phone charger.

of physical punishment" because MCL 750.136b(9)[3] "expressly provides that a parent may use 'reasonable force' to discipline a child." In *People v Lawhorn*, this Court reaffirmed the holding in *Gregg* that "the provision in MCL 750.136b providing that a parent or guardian shall not be prohibited 'from taking steps to reasonably discipline a child, including the use of reasonable force' was not overbroad and did not impinge the defendant's right to discipline his child." *Lawhorn*, 320 Mich App at 201-202. The Court concluded that "a person of ordinary intelligence would . . . understand that in using physical discipline on a child, he or she must act in a manner that is reasonable and not excessive. Therefore, MCL 750.136b(5) provides fair notice of the conduct that is prohibited." *Id*. at 202. We decline defendant's request to declare conflicts[4] with these two cases and instead leave her to seek relief in the Supreme Court.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that her trial counsel rendered ineffective assistance by failing to request a special jury instruction defining reasonable force. We disagree.

Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *Id*.

The Sixth Amendment of the United States Constitution guarantees that criminal defendants receive effective assistance of counsel. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed2d 674 (1984). Michigan's Constitution affords this right the same level of protection as the United States Constitution. *People v Pickens*, 446 Mich 298, 318-320; 521 NW2d 797 (1994). Accordingly, "[t]o prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (quotation marks, citation, and alteration omitted). "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). This Court presumes counsel was effective, and defendant carries a heavy burden to overcome this presumption. *Head*, 323 Mich App at 539.

The trial court gave the jury the following instruction regarding defendant's right to discipline JE:

> It is not a crime to discipline a child. A parent may use force to discipline a child, but this does not mean that any force may be used. The law permits only sach—such [sic] force as is reasonable.

---

[3] At this time, the relevant provision was in MCL 750.136b(6), but the language was identical. See *Lawhorn*, 320 Mich App at 202 n 2.

[4] See MCR 7.215(J).

The defendant is not required to prove that the acts alleged here were reasonable. The prosecutor must prove beyond a reasonable doubt that the force used was not reasonable as discipline.

This was a verbatim reading of Mich Crim JI 17.24 and is consistent with MCL 750.136b(9). Defendant argues that this instruction was inadequate because it did not provide the jury with enough guidance to "judge whether [defendant's] conduct constituted the use of reasonable force to discipline her child." Defendant asserts that her attorney should have requested a special instruction, not drawn from the model instructions, clarifying what it means to use reasonable force.

This argument lacks merit for several reasons. First, this is essentially a restatement of the same grievances addressed in section III but reframed as instructional error. This Court has repeatedly held that the statute adequately apprises the general public regarding the acceptable use of force against a child, so it stands to reason that an instruction essentially repeating the statute adequately apprised the jury. Second, a special instruction could have invaded the province of the jury because whether force is reasonable is a question of fact. See *People v Sherman-Huffman*, 466 Mich 39, 42-43; 642 NW2d 339 (2002). In other words, defendant submits that the instruction "provides no guidance as to what constitutes 'reasonable force,' " but it is the jury's job to decide what constitutes reasonable force. Third, defendant has not provided us with a clear picture of what the special instruction should have looked like. Defendant suggests that defendant's attorney "could have looked to the self-defense instructions for some guidance" and that the instruction could have asked the jury to consider the surrounding circumstances "given all the facts known to [defendant] at the time." It is not clear how this could have helped defendant because the jury would necessarily be looking at the circumstances of the offense, and defendant has not directed us toward any facts known to defendant that would justify her hitting JE in the manner she did. Defendant also suggests that a special instruction could have described "reasonable force" as that which "is objectively reasonable under the circumstances and the amount of force necessary for [defendant] to exercise her right to discipline her children." Defendant cites no authority suggesting that this is even an accurate statement of the law governing this term, and defendant provides no reason to suggest that such an instruction might have resulted in a different outcome.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Kirsten Frank Kelly
/s/ James Robert Redford