*In re* FORFEITURE OF BAIL BOND

(PEOPLE v KANG)

Docket No. 200242. Submitted February 4, 1998, at Lansing. Decided May 22, 1998, at 9:30 A.M.

Myung Won Kang was charged with armed robbery and released from custody after Min Nam Lee posted a $50,000 cash bond. Kang thereafter pleaded no contest in the Bay Circuit Court, Eugene C. Penzien, J., to a charge of unarmed robbery, but failed to appear at a hearing set for his motion to withdraw the plea and for sentencing. The court ordered the forfeiture of the bond and issued a bench warrant for Kang's arrest. Kang eventually was arrested in New Jersey on unrelated charges. After Kang's arrest, but before his extradition to Michigan, Lee moved to set aside the bond forfeiture pursuant to MCL 765.15; MSA 28.902. The court denied the motion. The Court of Appeals, MURPHY, P.J., and MACKENZIE and HOEKSTRA, JJ., reversed and remanded for a determination whether the ends of justice would be thwarted by setting aside the bond forfeiture and for a determination of the costs of apprehending Kang. 209 Mich App 540 (1995). On remand, the court, Kenneth W. Schmidt, J., again denied the motion to set aside the forfeiture, determining that setting aside the forfeiture would substantially thwart the interests of justice and that the parties did not contest that the costs of extraditing Kang were $1,022. Lee appealed.

The Court of Appeals *held*:

1. MCL 765.15(a); MSA 28.902(a) provides that a court shall set aside the forfeiture of a bond within one year from the time of the forfeiture judgment if (1) the defendant is apprehended, (2) the ends of justice have not been thwarted, and (3) the county has been repaid its costs for apprehending the defendant. The one-year limitation is not jurisdictional and does not preclude discretionary return of deposited funds where, as here, the motion to set aside the forfeiture was made more than one year after the forfeiture.

2. It was established in the prior opinion of the Court of Appeals that the first criterion of § 15(a) was met upon Kang's apprehension in New Jersey.

3. The second criterion of § 15(a) involves an inquiry into past, not future, events. Considerations relevant to this inquiry include,

but are not limited to: the depositor's role, if any, in hiding the defendant, failing to assist in the apprehension of the defendant, or affirmatively assisting in the apprehension of the defendant; the length of time elapsing between the defendant's failure to appear and ultimate apprehension; the extent to which evidence has been lost or the prosecution's case has been affected by the delay; the extent to which the defendant has committed additional crimes before apprehension, and the seriousness of such crimes; the extent to which there has been psychological or emotional effect on the initial victim as a result of the defendant being at large; the extent to which the defendant's apprehension was involuntary; and the extent to which extradition or other legal procedures have been required, thereby causing additional delays in carrying out justice. In this case, another remand is necessary for a redetermination by the trial court concerning the second criterion of § 15(a) in view of the fact that the trial court, in the first remand, narrowly focused on Lee's role in ensuring Kang's appearance in court.

4. With respect to the third criterion of § 15(a), the costs of apprehension include indirect costs incurred in locating the defendant, e.g., man-hours of investigative time, professional and support personnel costs, and telephone costs. In this case, the $1,022 represented the costs of extradition only. The county is entitled to the indirect costs of locating the defendant as well.

Order denying motion to set aside forfeiture vacated; case remanded for reconsideration.

1. BAIL — BONDS — FORFEITURE — SETTING ASIDE FORFEITURE.

A court shall set aside the forfeiture of a bond within one year from the time of the forfeiture judgment if the defendant is apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the defendant; the one-year limitation is not jurisdictional and does not preclude discretionary return of deposited funds; whether the ends of justice have .been thwarted involves an inquiry that looks to past, not future, events; the costs of apprehending the defendant include indirect costs incurred in locating the defendant (MCL 765.15[a]; MSA 28.902[a]).

2. BAIL — BONDS — FORFEITURE — SETTING ASIDE FORFEITURE.

Considerations relevant to the inquiry whether the ends of justice have not been thwarted by a defendant's absconding while on bail focus on past, not future, events for purposes of a motion to set aside the forfeiture of a bail bond; these considerations include, but are not limited to: the depositor's role, if any, in hiding the defendant, failing to assist in the apprehension of the defendant, or affirmatively assisting in the apprehension of the defendant; the

length of time elapsing between the defendant's failure to appear and ultimate apprehension; the extent to which evidence has been lost or the prosecution's case has been affected by the delay; the extent to which the defendant has committed additional crimes before apprehension, and the seriousness of such crimes; the extent to which there has been psychological or emotional effect on the initial victim as a result of the defendant being at large; the extent to which the defendant's apprehension was involuntary; and the extent to which extradition or other legal procedures have been required, thereby causing additional delays in carrying out justice (MCL 765.15[a]; MSA 28.902[a]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph Sheeran,* Prosecuting Attorney, and *Susan L. LeDuc,* Special Assistant Prosecuting Attorney, for the people.

*Patrick L. Chatterton,* for Min Nam Lee.

Before: MARKEY, P.J., and BANDSTRA and MARKMAN, JJ.

MARKMAN, J. Petitioner Min Nam Lee appeals as of right an order denying his motion to set aside a bond forfeiture order. We vacate and remand.

Defendant Myung Won Kang was charged with armed robbery but released in November 1990 after petitioner deposited $50,000 to satisfy the cash or surety bond set by the district court. Defendant pleaded no contest to unarmed robbery pursuant to a plea agreement. A May 1991 hearing was set for his motion to set aside the no-contest plea and for sentencing. However, defendant failed to appear and the court ordered the bond forfeited and issued a bench warrant. Defendant subsequently was arrested in New Jersey on unrelated charges in December 1991. The prosecutor placed a hold on defendant for his return to Michigan, which occurred in July 1994. He was sentenced in Michigan for the unarmed robbery conviction in August 1994. Meanwhile, in December 1992,

petitioner moved to set aside the forfeiture of the cash bond. The trial court denied the motion. In a previous appeal, this Court held that "a person is 'apprehended' within the meaning of MCL 765.15(a); MSA 28.902(a) when that person is held in custody in another state." *In re Forfeiture of Bail Bond*, 209 Mich App 540, 543; 531 NW2d 806 (1995). It also held that the trial court clearly erred in finding that defendant, not petitioner, posted the funds. *Id.* at 550. This Court then reversed the order denying petitioner's motion to set aside the forfeiture and remanded for a determination "whether the ends of justice would be thwarted by setting aside the forfeiture" and a determination of the costs of apprehending defendant. *Id.* On remand, the trial court noted that it was uncontested that the costs of extraditing defendant were $1,022 but concluded that "setting aside the forfeiture would substantially thwart the interests of justice" and therefore denied petitioner's motion. It held that "defendant's fleeing the jurisdiction, subsequent criminal offense, involuntary apprehension and subsequent return to Michigan for sentencing controls over the sought after excusal of the petitioner failing to produce the defendant for sentencing."

This Court reviews a ruling on a motion to set aside a forfeiture of a bond for an abuse of discretion. *People v Munley*, 175 Mich App 399, 403; 438 NW2d 292 (1989). Questions of statutory interpretation are questions of law that appellate courts review de novo. *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997).

The relevant version of MCL 765.15; MSA 28.902 stated in pertinent part:[1]

> (a) If such bond or bail be forfeited, the court shall enter an order upon its records directing, within 45 days of the order, the disposition of such cash, check, or security, and the treasurer or clerk, upon presentation of a certified copy of such order, shall make disposition thereof. The court shall set aside the forfeiture and discharge the bail or bond, within 1 year from the time of the forfeiture judgment, in accordance with subsection (b) of this section if the person who forfeited bond or bail is apprehended and the ends of justice have not been thwarted and the county has been repaid its costs for apprehending the person.

Initially, we note that petitioner's failure to move to set aside the bond forfeiture until more than one year after the forfeiture judgment is not fatal to his motion. The one-year limitation is not jurisdictional and does not preclude discretionary return of deposited funds. *Munley, supra* at 404.

Section 15(a) states that a court "shall set aside the forfeiture and discharge the bail or bond" within one year of the forfeiture judgment if three criteria are met: (1) the defendant is apprehended, (2) "the ends of justice have not been thwarted," and (3) "the county has been repaid its costs for apprehending the person."

This Court's previous decision in this matter established that the first criterion was met by defendant's apprehension in New Jersey within one year of the forfeiture judgment. *In re Bail Bond, supra* at 543.

---

[1] The 1993 amendments of this statute do not involve significant changes to the portions of the statute relevant here. See *In re Bail Bond, supra* at 543, n 2.

The second criterion requires an inquiry to confirm that "the ends of justice have not been thwarted" before returning a bond to the depositor. This criterion is articulated in the past tense. Thus, the inquiry is not whether return of the bond to the depositor would result in the thwarting of the ends of justice. Rather, the inquiry is whether the circumstances surrounding the forfeiture of the bond and subsequent apprehension of the defendant have already thwarted the ends of justice. On the one end of the spectrum, one could assume that "the ends of justice have not been thwarted" whenever the defendant is apprehended within one year of the forfeiture judgment and brought to justice. On the other end of the spectrum, one could assume that "the ends of justice" have been thwarted whenever a defendant fails to appear, despite subsequent apprehension within one year of the forfeiture judgment. Neither of these extremes is consistent with the language of § 15(a), which requires inquiry into the second criterion in addition to the first criterion. Because the first criterion is met only in situations where a defendant initially fails to appear but is subsequently apprehended within one year of the forfeiture judgment, the inquiry into whether "the ends of justice have not been thwarted" must turn on considerations beyond the fact that the defendant absconded and beyond the fact that he was eventually brought to justice. Having considered the matter, we believe that the full range of circumstances must be considered in each case in making the statutory determination. In particular, the following considerations are among those relevant to determining whether "the ends of justice have not been thwarted":

1. the depositor's role, if any, in hiding the defendant, failing to assist in the apprehension of the defendant, or affirmatively assisting in the apprehension of the defendant;

2. the length of time elapsing between the defendant's failure to appear and his ultimate apprehension;

3. the extent to which evidence has been lost (e.g., death or unavailability of witnesses, fading of witnesses' memories) or whether the prosecution's case has otherwise been affected by the delay;

4. the extent to which the defendant has committed additional crimes before apprehension, and the seriousness of such crimes;[2]

5. the extent to which there has been a psychological or emotional effect upon the initial victim as a result of the defendant being at large;

6. the extent to which the defendant's apprehension was involuntary; and

7. the extent to which extradition or other legal procedures have been required, thereby causing additional delays in carrying out justice.

While individual cases may present additional considerations relevant to whether "the ends of justice have not been thwarted," this nonexhaustive list provides a starting point for the inquiry under MCL 765.15; MSA 28.902. Utilizing this list of factors to determine if "the ends of justice have not been thwarted" avoids placing undue emphasis on either the defendant's failure to appear for a scheduled hearing or the defendant's subsequent apprehension.

---

[2] We note that the focus of MCR 6.106 upon ensuring both the defendant's appearance and public safety may also provide some guidance in determining what circumstances are relevant to the "ends of justice."

Focus on either of these facts *per se* is inappropriate because both, by definition, will be present in every case that meets the first criterion under § 15(a).

Here, the trial court's conclusion appears to turn principally on its assessment that the depositor had a duty to produce defendant. While a depositor obviously risks losing the funds deposited if the defendant fails to appear, a depositor does not, by virtue alone of providing funds for a bond, undertake an affirmative duty to produce the defendant. Rather, as stated above, the depositor's involvement, if any, in either hiding or apprehending the defendant is simply a relevant consideration in determining whether "the ends of justice have not been thwarted." For these reasons, we vacate the trial court's assessment of this second criterion and remand for reconsideration in accordance with this opinion.[3]

The third criterion under § 15(a) is whether "the county has been repaid its costs for apprehending the person." Here, the parties agreed that the extradition costs were $1,022. A letter from the prosecuting attorney indicates that this total includes $511 to pick defendant up and $511 to return him. However, this amount does not appear to include the county's indirect costs in locating defendant. The county's costs to locate the defendant (e.g., man-hours of investigative time, professional and support personnel costs, telephone calls) are all part of the costs of apprehension. We therefore hold that the costs of "apprehending the person" under § 15 include a jurisdiction's costs in

---

[3] Consistent with the language of § 15(a), the trial court should articulate its decision in terms of whether the ends of justice "have been" thwarted, not in terms of whether returning the funds to the depositor "would" thwart the ends of justice.

locating the defendant, as well as any extradition costs.

For these reasons, we vacate the order denying petitioner's motion to set aside the forfeiture and remand for reconsideration in accordance with this opinion. Because of the drawn-out history of this case, we retain jurisdiction and order the trial court to undertake such reconsideration within forty-two days of the issuance of this opinion.