# STATE OF MICHIGAN

# COURT OF APPEALS

CALVERT BAIL BOND AGENCY, LLC,

Plaintiff-Appellant,

v

COUNTY OF ST. CLAIR,

Defendant-Appellee.

FOR PUBLICATION
March 10, 2016
9:00 a.m.

No. 324824
St. Clair Circuit Court
LC No. 13-002205-CZ

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

SAAD, P.J.

Plaintiff is a company that is in the business of becoming surety upon bonds for compensation in criminal cases in the state of Michigan. Plaintiff, pursuant to MCL 600.4835, sought a return of the sums it paid to defendant on bond forfeiture judgments. The trial court dismissed plaintiff's claims because it held that the exclusive remedy for the return of such funds was through MCL 765.28.[1] Because the Legislature's amendment to MCL 765.28 did not establish that it was to be the exclusive remedy in these instances, we reverse and remand.

The parties do not dispute the underlying facts. Plaintiff became surety for many criminal defendants. In each of these instances, the criminal defendant did not appear at district court as required, which resulted in a forfeiture judgment being entered against plaintiff. Plaintiff paid the judgment in all of these cases, although in nearly all of them, the payment occurred more than 56 days after the entry of the judgment. Further, in most of the criminal cases, plaintiff later brought the criminal defendant into custody more than 56 days after entry of the corresponding forfeiture judgment.

In the district court, plaintiff sought recovery of the funds it paid under MCL 765.28. The district court denied the various requests. Plaintiff then brought the instant action in circuit court, which sought recovery of the funds under MCL 600.4835. As already mentioned, the trial court found no cause of action because it determined that the sole remedy for the return of the bail forfeitures was under MCL 765.28.

---

[1] As explained herein, plaintiff's prior attempt to recover under MCL 765.28 was denied and is not part of this appeal.

-1-

The issue before us is one of statutory interpretation, which we review de novo. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 155; 802 NW2d 281 (2011).

> The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. . . . When given their common and ordinary meaning, the words of a statute provide the most reliable evidence of its intent . . . . [*Id.* at 156-157 (citations, quotation marks, and brackets omitted).]

In addition, "[t]his Court should presume that each statutory word or phrase has meaning, thus avoiding rendering any part of a statute nugatory." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 217; 818 NW2d 478 (2012). Further,

> [s]tatutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. The object of the *in pari materia* rule is to give effect to the legislative intent expressed in harmonious statutes. To the extent that statutes that are *in pari materia* are unavoidably in conflict and cannot be reconciled, the more specific statute controls. [*Mich Deferred Presentment Servs Ass'n v Comm'r of Office of Fin & Ins Regulation*, 287 Mich App 326, 334; 788 NW2d 842 (2010) (citations and quotation marks omitted).]

At issue is MCL 600.4835, which provides the following:

> The circuit court for the county in which such court was held, or in which such recognizance was taken, may, upon good cause shown, remit any penalty, or any part thereof, upon such terms as appear just and equitable to the court. But this section does not authorize such court to remit any fine imposed by any court upon a conviction for any criminal offense, nor any fine imposed by any court for an actual contempt of such court, or for disobedience of its orders or process.

By its plain language, MCL 600.4835 permits a circuit court to "remit any penalty" when it determines that doing so would be "just and equitable." MCL 600.4835 also requires the party requesting the remittance to show "good cause." Pursuant to MCL 600.4801, the term "penalty" referenced in MCL 600.4835 "includes fines, forfeitures, and forfeited recognizances." MCL 600.4801(c). As a result, a penalty under MCL 600.4835 includes judgments after bond forfeitures, like those present in this case. *People v Evans*, 434 Mich 314, 332; 454 NW2d 105

(1990). It is further beyond dispute that before 2002, MCL 600.6835 was the means by which sureties could seek recoupment for forfeitures that were paid.[2] See *id.* at 331-332.

In 2002, the Legislature amended MCL 765.28 to allow for a forfeiture judgment to be set aside, which now provides as follows:[3]

> (1) If default is made in any recognizance in a court of record, the default shall be entered on the record by the clerk of the court. After the default is entered, the court shall give each surety immediate notice not to exceed 7 days after the date of the failure to appear. The notice shall be served upon each surety in person or left at the surety's last known business address. Each surety shall be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond. If good cause is not shown for the defendant's failure to appear, the court shall enter judgment against the surety on the recognizance for an amount determined appropriate by the court but not more than the full amount of the bail, or if a surety bond has been posted the full amount of the surety bond. If the amount of a forfeited surety bond is less than the full amount of the bail, the defendant shall continue to be liable to the court for the difference, unless otherwise ordered by the court. Execution shall be awarded and executed upon the judgment in the manner provided for in personal actions.

> (2) Except as provided in subsection (3), the court shall set aside the forfeiture and discharge the bail or surety bond within 1 year from the date of forfeiture judgment if the defendant has been apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person. If the bond or bail is discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the surety.

> (3) Subsection (2) does not apply if the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and judgment entered and the surety did not fully pay the forfeiture judgment within that 56-day period.

---

[2] Although not relevant for the issue presented on appeal here, *Evans* addressed the then-existing split authority on whether a surety could recover its forfeited bonds under MCL 765.15. *Evans*, 434 Mich at 316, 318-319. The *Evans* Court held that while MCL 765.15 did not apply to surety bonds, *id.* at 323-325, a remedy was still available through MCL 600.4835, *id.* at 331-332. The Court explained that "after a judgment has been entered against a surety, it stands as any judgment rendered in a personal action, and '[i]t is enforceable, reviewable and appealable by way of the same provisions and by other statutes and court rules which may apply to the specific situation . . . .' " *Id.* at 331, quoting *People v Johnson*, 72 Mich App 702, 709; 250 NW2d 508 (1976).

[3] The Legislature's 2004 amendment to the statute is captured here as well, but it bears no significance on the issue before us. 2004 PA 332.

Thus, when a criminal defendant fails to appear before the trial court, "default shall be entered on the record." MCL 765.28(1). After the default is entered, notice must be given to the surety that the criminal defendant failed to appear and that default on the recognizance has been entered. MCL 765.28(1). The court is then required to give the surety "an opportunity to appear before the court . . . and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond." MCL 765.28(1). Where the surety is unable to show good cause for the criminal defendant's absence before the court, MCL 765.28(1) requires the court to enter a judgment for any amount up to the full price of the bail against the surety.

After the judgment has been entered pursuant to MCL 765.28(1), a surety can have the judgment set aside and the money remitted, so long as certain requirements are met. The trial court must set aside the judgment and discharge the surety bond if the following events take place within one year from entry of the judgment: "the defendant has been apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person." MCL 765.28(2). That mandatory remittal, however, is subject to the requirements of MCL 765.28(3). Specifically, MCL 765.28(3) renders MCL 765.28(2) inapplicable in instances where the criminal defendant is apprehended 56 days or more after the entry of the judgment of forfeiture and the surety has not paid the entire judgment within those same 56 days. In other words, when a criminal defendant is apprehended more than 56 days after the judgment is entered, before even considering if a surety is entitled to have the judgment set aside and the bond remitted pursuant to MCL 765.28(2), a court must consider whether the surety paid the entire judgment within 56 days of when it was entered. If the surety did not, relief under that statute is not permitted. MCL 765.28(3).

The sole question on appeal is whether the remedy under MCL 600.4835 remains viable after the Legislature's 2002 amendment of MCL 765.28. We hold that it is.

The two statutes at issue relate to the same subject matter. MCL 600.4835 governs the return of penalties, which, as a matter of law, includes forfeited recognizances. And MCL 765.28 expressly concerns the return of forfeited recognizances under certain circumstances. Thus, these two provisions are *in pari materia*.

Contrary to the trial court's view, to permit recovery under MCL 600.4835 would not "effectively render MCL 765.28 nugatory." In our view, MCL 765.28 provides a "safe harbor," where, if certain conditions are satisfied,[4] a surety is *entitled* to a remittance of the forfeiture it paid.[5] A court lacks any discretion in this instance—the forfeited recognizance must be returned.

---

[4] Again, those conditions are (1) the criminal defendant was apprehended no more than 56 days after the judgment was entered, (2) the surety paid the judgment within that same 56-day period, (3) the ends of justice have not been thwarted, and (4) the county has been repaid its costs for apprehending the defendant.

[5] The Legislature's use of the term "shall" in MCL 765.28(2) denotes a mandatory action, as opposed to a permissive one. See *Wilcoxon v City of Detroit Election Comm'n*, 301 Mich App 619, 631; 838 NW2d 182 (2013).

MCL 600.4835, on the other hand, gives the court discretion to remit forfeited recognizances, "or any part thereof, upon such terms as appear just and equitable to the court." While these concepts overlap, they do not unavoidably conflict. In fact, they do not conflict at all because each statute can be given its full effect without affecting the other. Obviously, if a plaintiff seeks a remittance under MCL 600.4835 and outside the safe harbor of MCL 765.28, the plaintiff (1) is not guaranteed any remittance and (2) even if the court authorizes a remittance, it does not have to be for the full amount of the forfeiture paid.

If the Legislature intended the amendment in 2002 to create the sole remedy by which a commercial surety could get relief from judgment, it could have used such express language. Because it did not, and because the two statutes do not conflict, the trial court erred in ruling that plaintiff could not seek recovery under MCL 600.4835.[6]

The trial court opined that to permit recovery under MCL 600.4835 would render MCL 765.28 nugatory because commercial sureties would have no reason and no incentive to comply with MCL 765.28. The court averred, "The surety could pay or apprehend whenever it wished and still assert its claim for equitable remitter [under MCL 7600.4835]." The court further stated that to allow a surety to ignore the time requirements of MCL 765.28 would frustrate the administration of justice.

The trial court erred when it weighed policy concerns regarding why MCL 765.28's purpose would be frustrated by MCL 600.4835. As our Supreme Court stated in *Evans*, "We need not resort to considerations of proper public policy in order to interpret [statutory language]." *Evans*, 434 Mich at 326. The question is not whether the Legislature's 2002 amendment to MCL 765.28 *should* be treated as creating an exclusive remedy, but rather whether it *does*. See *id.* at 327. As already discussed previously, the statutes do not conflict and the Legislature did not express an intent to make MCL 765.28 the sole remedy for commercial sureties. Moreover, while we agree with the trial court that a surety could ignore the requirements of MCL 765.28, it does so at its own risk because any recovery is at the discretion of the court.

Of course, the trial court is correct that in an ideal world, a surety would apprehend its criminal defendant within 56 days of the entry of forfeiture judgment. However, in those

---

[6] Defendant claims that plaintiff cannot invoke MCL 600.4835 because it is an equitable remedy and "where by *statute* a full and adequate legal remedy has been provided, it is generally held that *equity* will not entertain jurisdiction." *Sovereign v Sovereign*, 354 Mich 65, 96; 92 NW2d 585 (1958) (emphasis added); see also *Tkachik v Mandeville*, 487 Mich 38, 45-46, 52; 790 NW2d 260 (2010). But reliance on this legal doctrine is misplaced. While MCL 600.4835 allows a court to grant relief if it "appear[s] just and equitable," thereby invoking principles of equity, it nonetheless is a remedy provide by *statute*, not the common law. This is distinguishable from the equitable claims in *Sovereign* and *Tkachik*, which were not based on any statute. *Tkachik*, 487 Mich at 47-48; *Sovereign*, 354 Mich at 96. Defendant has provided no authority that, merely because a statute uses equitable principles, it is no longer considered a remedy at law.

instances when that does not happen (even if due to no fault on the surety's part), if MCL 765.28 were the sole and exclusive remedy, then a surety would have zero incentive to continue efforts to apprehend the defendant, which would further frustrate the administration of justice. Would more absconding criminal defendants be produced if sureties knew that their only pathway to recover any forfeitures was to comply with MCL 765.28, or is justice better served to allow them the possibility to still get some recovery after the 56-day period has expired though MCL 600.4835? Reasonable minds could differ on what is the wisest approach, but those types of questions are not to be resolved by any court. Instead, this is for the Legislature to determine, as our role is merely to interpret the laws as they are written. See *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 504; 638 NW2d 396 (2002) ("[O]ur function is not to redetermine the Legislature's choice or to independently assess what would be most fair or just or best public policy. Our task is to discern the intent of the Legislature from the language of the statute it enacts.").

Plaintiff also argues that when applying MCL 600.4835, it is entitled to relief because it demonstrated good cause. But because the trial court determined that MCL 600.4835 did not apply and never got to the issue of good cause, we decline to address it for the first time on appeal. On remand, the trial court is to evaluate plaintiff's claims under MCL 600.4835.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra