# STATE OF MICHIGAN

# COURT OF APPEALS

---

GLORIA KATO KARUNGI,

        Plaintiff/Counter-Defendant-
Appellant,

v

RONALD LEE EJALU,

        Defendant/Counter-Plaintiff-
Appellee.

UNPUBLISHED
September 26, 2017

No. 337152
Oakland Circuit Court
Family Division
LC No. 2016-841198-DS

---

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

MURRAY, J. (*concurring*).

The lead opinion's analysis and conclusions properly resolve this appeal. This brief concurrence explains what I believe the majority is, and is not, saying, as the dissent misrepresents our opinion.

First, before delving into the dissent's criticism of the majority opinion, one important principal must be kept in mind: The Court of Appeals is an error-correcting Court, and that is our primary role in the judicial system. See *People v Gioglio (On Remand)*, 296 Mich App 12, 17; 815 NW2d 589 (2012), vacated in part on other grounds by 493 Mich 864 (2012). As a result, the majority opinion, with explicit agreement by the dissent, properly concludes that the trial court's reliance upon the case designation to dismiss the case was in error. This is the only holding of the Court. Thus, having properly concluded that the trial court committed an error in dismissing the case, the proper remedy is to remand for further proceedings. That is what the majority opinion does.

Nevertheless, the majority opinion— much to the chagrin of the dissent—also points out to the parties and the trial court that there could be a legitimate question as to the trial court's primary jurisdiction to decide the issue because of the arbitration provision contained within the IVF agreement signed by both parties. Contrary to the dissenting opinion, this is not an improper issue to raise on the Court's own initiative, for if there is indeed a valid and enforceable arbitration agreement, it is an affirmative defense that would preclude the circuit court from proceeding any further in this matter. See MCR 2.111(F)(3)(a); *Mich Basic Prop Ins Ass'n v Detroit Edison Co*, 240 Mich App 524, 528; 618 NW2d 32 (2000). Courts can, of course, raise primary jurisdiction at any time. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 206; 631 NW2d 733 (2001).

-1-

Additionally, I do not read the majority opinion as making any conclusive statements about what the contract provides for or whether it is binding (or waived). Indeed, that is the reason for a remand to the trial court for further proceedings to decide some or all of those issues. Much more often than not it is the practice of this Court not to decide issues for the first time on appeal, *Calvert Bail Bond Agency, LLC v St Clair Co*, 314 Mich App 548, 557; 887 NW2d 425 (2016), and thus a remand on those issues, as well as on the issue of how to address and resolve issues surrounding the embryos if the matter is not sent to arbitration, is best left for the trial court to decide in the first instance. Interestingly enough, it appears that the dissent *has* made conclusions regarding the enforcement and meaning of the IVF agreement, something the majority opinion has not done.

That is also the reason why the dissent is incorrect in asserting that the majority is hesitant to decide the disposition of the frozen embryos. I am not hesitant to decide any issue, but I am also not willing to decide an issue that has not been first decided by the trial court.[1] Following the procedural avenues used in virtually all cases that come before this Court that require a remand is the appropriate form of relief for this appeal.

/s/ Christopher M. Murray

---

[1] Our Court obviously has the discretion to decide virtually any issue raised (and sometimes not raised) by the parties, but the posture of the case does not warrant the exercise of that discretion.