# STATE OF MICHIGAN

# COURT OF APPEALS

CALVERT BAIL BONDS AGENCY, LLC,

Plaintiff-Appellee,

UNPUBLISHED
May 17, 2018

v

No. 336821
St. Clair Circuit Court
LC No. 13-002205-CZ

ST. CLAIR COUNTY,

Defendant-Appellant.

Before: CAMERON, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

In this bond forfeiture action, defendant appeals as of right an order granting judgment in favor of plaintiff. We affirm.

Plaintiff is a bail bond company and acts as a surety for criminal defendants who are required to post bond. Plaintiff posted surety bonds on behalf of 11 underlying criminal defendants, but they all failed to appear in court. Judgment was entered against plaintiff, and the bonds paid on behalf of the underlying defendants were forfeited. Plaintiff was entitled to a return of the bond payments if it followed the procedures set forth under MCL 765.28, which required plaintiff to pay the full amount of the judgments for bond forfeitures, and apprehend and return the underlying defendants to the court. However, both obligations were required to be completed within 56 days of the entry of the order forfeiting the bond. See MCL 765.28(3). In nine cases, plaintiff located the underlying defendants and brought them back to the 72nd District Court in St. Clair County, but it failed to do so within 56 days. In the tenth case, the underlying defendant was located in a jail in another state. In the eleventh case, the underlying defendant was located in Canada. In those two cases, the St. Clair County Prosecutor declined to extradite the defendants, which prevented their prompt return to the district court. Additionally, plaintiff paid two of the forfeited bond payments within 56 days, but it paid the remaining nine forfeited bond payments after the 56-day period had passed.

Plaintiff requested a remittance of all 11 forfeited bond payments made on behalf of the underlying defendants from the 72nd District Court. The district court remitted partial bond payments of $450 to plaintiff in the two cases where plaintiff had paid the full forfeited bond payment within 56 days. In both cases, defendant retained $50. In the other nine cases, the district court refused to remit payment entirely because plaintiff failed to pay the forfeited bond payment within 56 days.

-1-

Plaintiff filed suit to recover the forfeited bond payments that it had made on behalf of the 11 defendants. In total, plaintiff requested the remittance of a sum total of $37,450 in forfeited bond payments. After the trial court denied defendant's motion for summary disposition, the parties signed a stipulated order directing them to submit trial briefs and a stipulated set of facts in lieu of appearing for a bench trial. In its trial brief, plaintiff argued that it was entitled to an equitable remedy under MCL 600.4835 because good cause existed for the trial court to grant an equitable remittance of the bond payments. Defendant, however, argued that MCL 765.28 was amended in 2002 "to provide the same legal remedy to commercial sureties that MCL 765.15 provides in cash bond situations," and therefore, MCL 765.28 provided the only possible remedy for plaintiff. The trial court agreed with defendant, and it entered an order dismissing plaintiff's claims without reaching the question of whether there was good cause to remit the bond payments under MCL 600.4835. This Court, however, disagreed with the trial court, and it reversed the lower court's decision and remanded for further proceedings. See *Calvert Bail Bond Agency, LLC v St Clair Co*, 314 Mich App 548, 556; 887 NW2d 425 (2016). This Court held that MCL 765.28 provided a safe harbor for sureties where, if certain conditions were satisfied, they would be entitled to remittance. *Id*. at 555. That said, a plaintiff could still seek an equitable remittance under MCL 600.4835, but remittance would not be guaranteed, and even if the trial court authorized remittance, it would not have to be the full amount. *Calvert Bail Bond Agency, LLC*, 314 Mich App at 555.

On remand, the trial court held a post-appeal hearing. After the hearing, the trial court entered an opinion and order granting judgment in favor of plaintiff. The trial court concluded that plaintiff established the requisite good cause for relief under MCL 600.4835. Defendant now appeals.

Defendant argues that the trial court abused its discretion by remitting forfeited bond payments to plaintiff because plaintiff failed to properly show "good cause" for remittance under MCL 600.4835. We disagree.

This Court reviews a trial court's ruling to set aside a bond forfeiture for an abuse of discretion. *In re Forfeiture of Surety Bond*, 208 Mich App 369, 375; 529 NW2d 312 (1995). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). Additionally, "[q]uestions of statutory interpretation are questions of law that are reviewed de novo." *In re Forfeiture of Bail Bond*, 496 Mich 320, 325; 852 NW2d 747 (2014).

MCL 600.4835 provides as follows:

The circuit court for the county in which such court was held, or in which such recognizance was taken, may, upon good cause shown, remit any penalty, or any part thereof, upon such terms as appear just and equitable to the court. But this section does not authorize such court to remit any fine imposed by any court upon a conviction for any criminal offense, nor any fine imposed by any court for an actual contempt of such court, or for disobedience of its orders or process.

The issue turns on the proper definition of "good cause" under MCL 600.4835. "Good cause" is not defined in the language of MCL 600.4835, and no published case law defines the

term in the context of bond forfeitures, and the parties disagree on how it should be defined. Defendant argues that this Court should look only to the underlying defendants' reasons for failing to appear in court, which led to the forfeiture of the bond payments to begin with, in order to determine whether plaintiff showed good cause for remittance. On the other hand, plaintiff argues that this Court should look only to plaintiff's actions, namely its efforts to locate, apprehend, and return the underlying defendants to the district court, rather than considering the underlying defendants' actions.

"Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). If a word or phrase is not defined by statute, then "it is appropriate to consult dictionary definitions to determine the plain and ordinary meaning of the word or phrase." *People v Rea*, 500 Mich 422, 428; 902 NW2d 362 (2017); see also *In re FG*, 264 Mich App 413, 418; 691 NW2d 465 (2004) (finding that this Court may consult a dictionary to aid in defining words in a statute or court rule that are not otherwise specifically defined). Additionally, "[t]he court must consider the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose, but should also always use common sense." *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 44; 672 NW2d 884 (2003).

Under *Black's Law Dictionary* (10th ed), "good cause" is defined as "[a] legally sufficient reason." This Court has also defined "good cause" as "a legally sufficient or substantial reason." *In re Utrera*, 281 Mich App 1, 10-11; 761 NW2d 253 (2008). Our Supreme Court has similarly defined "good cause" as "a satisfactory, sound or valid reason." *People v Buie*, 491 Mich 294, 319; 817 NW2d 33 (2012) (quotation marks and citation omitted). Therefore, the phrase "good cause" implies that plaintiff was required to show a substantial, legally sufficient reason for the trial court to grant remittance.

Plaintiff sought remittance under MCL 600.4835 because it had initially failed to meet the requirements of MCL 765.28, which states, in pertinent part:

> (2) Except as provided in subsection (3), the court shall set aside the forfeiture and discharge the bail or surety bond within 1 year from the date of forfeiture judgment if the defendant has been apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person. If the bond or bail is discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the surety.
>
> (3) Subsection (2) does not apply if the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and judgment entered and the surety did not fully pay the forfeiture judgment within that 56-day period. [MCL 765.28(2) and (3).]

The trial court acknowledged plaintiff's failure to meet the specific requirements of MCL 765.28, which provides that a commercial surety must provide full payment of the forfeited bond and the return of the underlying defendant within 56 days. See *Calvert Bail Bond Agency, LLC*, 314 Mich App at 553, quoting MCL 765.28. The trial court primarily compared plaintiff's case

to *People v Munley*, 175 Mich App 399; 438 NW2d 292 (1989), in order to determine whether good cause was shown:

> When *Munley* . . . and the instant case are compared under a [good cause] analysis the facts in the present case are extremely strong. In *Munley*, the [underlying] defendant was returned, but not by the surety. The prosecution was completed with a prison sentence being ordered. The surety paid less than the full amount of the judgment, but still paid more than necessary to offset the costs of extradition. The judgment was set aside on equitable grounds as authorized by MCL 600.4835.

> \* \* \*

> In the instance [sic] case, Plaintiff apprehended and/or returned all of the defendants and paid 100% of the forfeited recognizances. The prosecutions were completed without additional cost or prejudice to defendant. Only two of the 11 defendants were apprehended and or/returned [sic] after one year, about 15 months in once case [sic] and slightly over two years in the other. The remaining nine defendants were returned in six months or less. Accordingly, Plaintiff has established the requisite good cause for relief under MCL 600.4835.

The trial court focused on the fact that the forfeited bond payments were not ultimately used to apprehend and return the underlying defendants to the district court. The trial court agreed with plaintiff's analysis of "good cause," and chose to take into account only plaintiff's actions, and not the actions of the underlying defendants. Plaintiff's effort to apprehend and return the underlying defendants to the district court allowed the underlying criminal proceedings to move forward without obligating defendant to use the forfeited bond payments to locate the underlying defendants and bring them to justice. Further, the county prosecutor declined to extradite two underlying defendants, and the trial court found that the refusal to extradite meant that the forfeited bond payments were not used to offset the cost of extradition. The trial court reasoned that the forfeited bond payments were intended to be used to assure the underlying defendant's appearance at trial, and cited our Supreme Court to conclude that " 'a bail bond is not a penalty to be used to materially enrich the public treasury, but rather an assurance of the appearance of the accused at time of trial.' " *People v Benmore*, 298 Mich 701, 707; 299 NW 773 (1941) (citation omitted).

Beyond the monetary cost of forfeiting the bond payments due to the underlying defendants' failure to appear in court, plaintiff also expended additional time and resources locating and returning the underlying defendants to the district court. In the prior opinion on this case, this Court noted:

> [I]n an ideal world, a surety would apprehend its criminal defendant within 56 days of the entry of a forfeiture judgment. However, in those instances when that does not happen (even if due to no fault on the surety's part), if MCL 765.28 were the sole and exclusive remedy, then a surety would have zero incentive to continue efforts to apprehend the defendant, which would further frustrate the

-4-

administration of justice. [*Calvert Bail Bond Agency, LLC*, 314 Mich App at 556-557.]

The fact that commercial sureties are permitted to apprehend criminal defendants furthers the efficient administration of justice because law enforcement officers are thus not required to expend their own resources in an effort to locate absconders in every case. Plaintiff showed good cause for remittance, and thus, the trial court did not abuse its discretion by finding that plaintiff had properly shown good cause for remittance within the meaning of MCL 600.4835.

Defendant also argues the Michigan Legislature did not include any of the language from MCL 765.28 in MCL 600.4835, which indicates that it did not intend for commercial sureties to rely on those factors under MCL 765.28, i.e., the defendant's actual apprehension and the county's costs in effectuating the apprehension, to recover under MCL 600.4835. This argument fails. First, this Court already addressed the question of the legislature's intent to allow recovery under MCL 600.4835. See *Calvert Bail Bond Agency, LLC*, 314 Mich App at 554-555. Defendant's argument appears to be, in part, a veiled attempt to relitigate an issue that was already decided by this Court. Second, this Court has already described the major advantage of following the procedures under MCL 765.28 rather than relying solely on the remedy under MCL 600.4835; the former entitles a surety to remittance whereas the latter provision does not. Therefore, the factors under MCL 765.28 are not superfluous in a good cause analysis under MCL 600.4835. Moreover, a trial court is not bound to consider only the sureties' actions and court's costs, but it can look at any number of other outside factors not addressed in MCL 765.28. Defendant's claim that plaintiff's argument would render parts of MCL 765.28 nugatory and would allow sureties to ignore MCL 765.28's time provisions is without merit. Importantly, we have long established a policy of encouraging the apprehension of defendants without punishing sureties for the benefit of the courts. Accordingly, because this Court previously determined that MCL 600.4835 and MCL 765.28 do not conflict, and because plaintiff properly demonstrated good cause for remittance under MCL 600.4835, the trial court did not abuse its discretion in ordering remittance.

Affirmed.

/s/ Thomas C. Cameron
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

-5-