*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORFEITURE OF BAIL BOND.

PEOPLE OF THE CITY OF SOUTHFIELD,

        Plaintiff-Appellee,

v

KIEARRA YOUNG,

        Defendant,

and

WAYNE COUNTY BAIL BONDS AGENCY LLC,

        Appellant.

UNPUBLISHED
May 23, 2024

No. 365142
Oakland Circuit Court
LC No. 2022-196625-AR

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Appellant, Wayne County Bail Bonds Agency LLC ("Wayne County Bail Bonds"), appeals by leave granted[1] the Oakland Circuit Court order denying its application for leave to appeal the order of the 46th District Court which had denied Wayne County Bail Bonds' motion to set aside a forfeiture and discharge bond. We vacate and remand.

## I. FACTUAL BACKGROUND

---

[1] *In re Forfeiture of Bail Bond (People v Young)*, unpublished order of the Court of Appeals, entered August 18, 2023 (Docket No. 365142).

-1-

Defendant, Kiearra Young ("Young"), was charged with resisting and obstructing police, MCL 750.81d, and continually failed to appear for scheduled court dates in the 46th District Court. After failing to appear for a show-cause hearing, the district court issued a bench warrant and set bond in the amount of $1,079. Wayne County Bail Bonds, a bail bonds agency acting as Young's surety,[2] posted the $1,079 bond. The district court scheduled an arraignment on June 6, 2022, and Young again failed to appear. A show-cause hearing was scheduled to allow Wayne County Bail Bonds to show good cause why judgment should not be entered against it for the full amount of the surety bond. Wayne County Bail Bonds and Young failed to appear for the show-cause hearing.

On July 12, 2022, the district court issued a judgment after bond forfeiture against Wayne County Bail Bonds in the amount of $1,079. On August 9, 2022, Wayne County Bail Bonds apprehended Young and delivered her to the Southfield Police Department and Young was arraigned on August 10, 2022. Thereafter, Wayne County Bail Bonds moved to set aside the forfeiture and discharge the bond. The district court denied the motion, reasoning Wayne County Bail Bonds failed to pay the forfeiture judgment within 56 days, as required by MCL 765.28(3). Wayne County Bail Bonds paid the forfeiture judgment on October 12, 2022.

Wayne County Bail Bonds applied for leave to appeal in Oakland Circuit Court arguing the district court erred by denying its motion to set aside the forfeiture and discharge the bond. The circuit court denied leave to appeal. This Court granted Wayne County Bail Bonds' later application for leave to appeal.

## II. STANDARD OF REVIEW

"We review a trial court's decision regarding forfeiture of a bail bond for an abuse of discretion." *In re Forfeiture of Bail Bond*, 276 Mich App 482, 488; 740 NW2d 734 (2007). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). "Questions of statutory interpretation are questions of law that are reviewed de novo." *In re Forfeiture of Bail Bond*, 496 Mich 320, 325; 852 NW2d 747 (2014).

## III. ANALYSIS

Wayne County Bail Bonds argues the district court erred by denying its motion to set aside the forfeiture and discharge the $1,079 bond, as payment of a judgment after bond forfeiture is not required under MCL 765.28(3) if the defendant is apprehended within 56 days, such is the case in this instance. Wayne County Bail Bonds also contends the circuit court erred in denying its appeal of that ruling. We agree.

"[W]hen a criminal defendant fails to appear before the trial court, default shall be entered on the record, and after the default is entered, notice must be given to the surety that the criminal defendant failed to appear and that default on the recognizance has been entered." *Calvert Bail*

---

[2] A surety is "one who executes a bail bond and binds himself to pay the bail if the person in custody fails to comply with all conditions of the bail bond." MCL 780.61(b).

*Bond Agency, LLC v St Clair County*, 314 Mich App 548, 553; 887 NW2d 425 (2016); see also MCL 765.28(1). "Each surety must be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond." MCL 765.28(1). "If the surety is unable to show good cause for the criminal defendant's absence before the court, [MCL 765.28(1)] requires the court to enter a judgment against the surety for any amount up to the full price of the bail." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 553.

"After the forfeiture judgment has been entered pursuant to MCL 765.28(1), a surety can have the judgment set aside and the money remitted, so long as certain requirements are met." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 553-554. Under MCL 765.28(2):

> Except as provided in subsection (3), the court shall set aside the forfeiture and discharge the bail or surety bond within year from the date of forfeiture judgment if the defendant has been apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person. If the bond or bail is discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the surety. [MCL 765.28(2) (footnote omitted).]

Subsection (3) states:

> Subsection (2) does not apply if the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and judgment entered and the surety did not fully pay the forfeiture judgment within that 56-day period. [MCL 765.28(3)]

"MCL 765.28(2) and (3) provide a 'safe harbor' in which, if certain conditions are satisfied, a surety is entitled to a remittance of the forfeiture it paid." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 555. If the conditions are met, the trial court does not have discretion on whether it grants relief, "the forfeited recognizance must be returned." *Id*.

The parties dispute the proper interpretation of MCL 765.28(3). Wayne County Bail Bonds argues MCL 765.28(3) does not apply because Young was apprehended within 56 days after the entry of the forfeiture judgment. Plaintiff, the People of the City of Southfield, argues Wayne County Bail Bonds is not entitled to relief because the forfeiture judgment was not timely paid.

> The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. . . . When given their common and ordinary meaning, the words of a statute provide the most reliable evidence of its intent. . . . [*Calvert Bail Bond Agency, LLC*, 314 Mich App at 550-551 (citation omitted).]

Under the plain, unambiguous language of MCL 765.28(3), a surety is not entitled to relief under MCL 765.28(2) when "the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and judgment entered *and* the surety did not fully pay the forfeiture judgment within that 56-day period." MCL 765.28(3) (emphasis added). "The Legislature's use

of the word 'and' demonstrates that proof of *both* conditions is required." *In re Koehler Estate*, 314 Mich App 667, 681; 888 NW2d 432 (2016).

In this case, the forfeiture judgment was entered on July 12, 2022. Young was apprehended and brought into custody on August 9, 2022, 28 days after the judgment was entered. Wayne County Bail Bonds paid the judgment on October 12, 2022, 93 days after the judgment was entered. Because Young was apprehended less than 56 days after the judgment the first prong of MCL 765.28(3) was not met. And, because the first prong was not met, it is irrelevant whether Wayne County Bail Bonds failed to pay the forfeiture judgment within 56 days of the judgment. <u>Both</u> prongs of MCL 765.28(3) must be met for that exception to apply.

The exception set forth in MCL 765.28(3) being inapplicable, we turn to MCL 765.28(2). Under MCL 765.28(2), a trial court shall set aside the forfeiture and discharge the bond, when (1) "the defendant has been apprehended," (2) "the ends of justice have not been thwarted," and (3) "the county has been repaid its costs for apprehending the person." MCL 765.28(2); *Calvert Bail Bond Agency, LLC*, 314 Mich App at 555. "The Legislature's use of the term 'shall' denotes mandatory action or direction." *Wilcoxon v City of Detroit Election Comm'n*, 301 Mich App 619, 631; 838 NW2d 183 (2013) (citation omitted). Thus, a trial court is *required* to set aside the forfeiture and discharge the bond if the three conditions are met.

The parties do not dispute whether the first and third prongs of MCL 765.28(2) were met. Young was apprehended and there are no outstanding costs for Young's apprehension. The parties do, however, dispute whether justice has been thwarted. "[T]his criterion is articulated in the past tense." *In re Forfeiture of Bail Bond*, 229 Mich App 724, 729; 582 NW2d 872 (1998). "[T]he inquiry is not whether return of the bond to the depositor would result in the thwarting of the ends of justice. Rather, the inquiry is whether the circumstances surrounding the forfeiture of the bond and subsequent apprehension of the defendant have already thwarted the ends of justice." *Id*. "[W]hether 'the ends of justice have not been thwarted' must turn on considerations beyond the fact that the defendant absconded and beyond the fact that he was eventually brought to justice." *Id*. Specifically, the following considerations are relevant to determining whether the "ends of justice have been thwarted" for purposes of MCL 765.28(2):

> 1. the depositor's role, if any, in hiding the defendant, failing to assist in the apprehension of the defendant, or affirmatively assisting in the apprehension of the defendant;
>
> 2. the length of time elapsing between the defendant's failure to appear and his ultimate apprehension;
>
> 3. the extent to which evidence has been lost (e.g., death or unavailability of witnesses, fading of witnesses' memories) or whether the prosecution's case has otherwise been affected by the delay;
>
> 4. the extent to which the defendant has committed additional crimes before apprehension, and the seriousness of such crimes;[]
>
> 5. the extent to which there has been a psychological or emotional effect upon the initial victim as a result of the defendant being at large;

6. the extent to which the defendant's apprehension was involuntary; and

7. the extent to which extradition or other legal procedures have been required, thereby causing additional delays in carrying out justice. [*Id*. at 730].

Wayne County Bail Bonds, in arguing justice was not thwarted, states it assisted in apprehending Young and delivering her to the Southfield Police Department only 28 days after the forfeiture judgment was entered, that there is no allegation or evidence of any loss of evidence, no allegation that Young committed any crimes before her apprehension, and no allegations of psychological or emotional effect on the initial victim, or that extradition or other legal procedures were required to secure Young. The People of the City of Southfield respond that Young's case was pending in the district court for five years and she failed to pay her fines and costs stemming from a 2017 plea.

The district court did not consider the above arguments by the parties, nor did it consider the factors relevant to a determination of whether "the ends of justice have been thwarted" as stated in *In re Forfeiture of Bail Bond*, 229 Mich App at 730, instead relying on the exception in MCL 765.28(3) to find that Wayne County Bail Bonds was not entitled to relief. Because we find that the exception to relief stated in MCL 765.28(3) does not apply, remand to the district court to determine if justice was thwarted in the first instance is necessary. We therefore vacate the district court's decision denying Wayne County Bail Bonds' motion to set aside forfeiture and discharge bond and the circuit court's denial of Wayne County Bail Bonds' leave to appeal, and remand to the district court to make determinations of whether the ends of justice have been thwarted.

Vacated and remanded. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford