*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re FORFEITURE OF BAIL BOND.

PEOPLE OF THE CITY OF SOUTHFIELD,

        Plaintiff-Appellee,

v

CRYSTAL SHAVER,

        Defendant,

and

BAIL MY TAIL OF MICHIGAN,

        Appellant.

UNPUBLISHED
May 23, 2024

No. 366780
Oakland Circuit Court
LC No. 2023-198949-AR

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Appellant, Bail My Tail of Michigan ("Bail My Tail"), appeals by leave granted[1] the circuit court order denying its application for leave to appeal the district court order which had denied its motion to set aside a forfeiture and discharge of a bond. Bail My Tail also challenges the district court's order denying its motion to set aside the forfeiture and discharge bond. We vacate and remand.

## I. FACTUAL BACKGROUND

---

[1] *In re Forfeiture of Bail Bond (People v Shaver)*, unpublished order of the Court of Appeals, entered September 14, 2023 (Docket No. 366780).

Defendant, Crystal Shaver ("Shaver"), was charged with two counts of assault and battery, MCL 750.81(1), and found guilty after a bench trial in the 46th District Court, in Southfield, Michigan. Shaver was sentenced to 45 days in jail and 24 months of probation. After failing to appear for a probation violation hearing, the district court issued a bench warrant for Shaver's arrest and set bond in the amount of $2,500. Bail My Tail, a bail bonds agency acting as Shaver's surety,[2] posted the $2,500 bond. On October 24, 2022, Shaver again failed to appear in court. A show-cause hearing was scheduled to allow Bail My Tail to show good cause why judgment should not be entered against Bail My Tail for the full amount of the surety bond. Both Bail My Tail and Shaver failed to appear for the show-cause hearing.

On November 9, 2022, the district court entered a judgment after bond forfeiture against Bail My Tail in the amount of $2,500. On December 8, 2022, Bail My Tail apprehended Shaver and delivered her to the Southfield Police Department. Thereafter, on January 24, 2023, Bail My Tail moved to set aside the forfeiture and discharge the bond. The district court denied the motion, reasoning that Bail My Tail failed to pay the forfeiture judgment within 56 days, as required by MCL 765.28(3).

Bail My Tail applied for leave to appeal in Oakland Circuit Court, arguing the district court erred by denying its motion to set aside the forfeiture and discharge the bond because payment of the judgment after bond forfeiture is not required under MCL 765.28(3) if the defendant is apprehended within 56 days, as Shaver was here. The circuit court denied leave to appeal. This Court granted Bail My Tail's later application for leave to appeal.

## II. STANDARD OF REVIEW

"We review a trial court's decision regarding forfeiture of a bail bond for an abuse of discretion." *In re Forfeiture of Bail Bond*, 276 Mich App 482, 488; 740 NW2d 734 (2007), overruled on other grounds in *In re Forfeiture of Bail Bond*, 496 Mich 320; 852 NW2d 747 (2014). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). "Questions of statutory interpretation are questions of law that are reviewed de novo." *In re Forfeiture of Bail Bond*, 496 Mich 320, 325; 852 NW2d 747 (2014).

## III. ANALYSIS

As it did below, Bail My Tail argues the district court erred by denying its motion to set aside the forfeiture and discharge the $2,500 bond, as payment of a judgment after bond forfeiture is not required under MCL 765.28(3) if the defendant is apprehended within 56 days, such is the case in this instance. Bail My Tail further argues that the circuit court erred in denying its appeal. We agree.

"[W]hen a criminal defendant fails to appear before the trial court, default shall be entered on the record, and after the default is entered, notice must be given to the surety that the criminal

---

[2] A surety is "one who executes a bail bond and binds himself to pay the bail if the person in custody fails to comply with all conditions of the bail bond." MCL 780.61(b).

defendant failed to appear and that default on the recognizance has been entered." *Calvert Bail Bond Agency, LLC v St Clair Co*, 314 Mich App 548, 553; 887 NW2d 425 (2016); see also MCL 765.28(1). "Each surety must be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond." MCL 765.28(1). "If the surety is unable to show good cause for the criminal defendant's absence before the court, [MCL 765.28(1)] requires the court to enter a judgment against the surety for any amount up to the full price of the bail." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 553.

"After the forfeiture judgment has been entered pursuant to MCL 765.28(1), a surety can have the judgment set aside and the money remitted, so long as certain requirements are met." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 553-554. Under MCL 765.28(2):

> Except as provided in subsection (3), the court shall set aside the forfeiture and discharge the bail or surety bond within [1] year from the date of forfeiture judgment if the defendant has been apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person. If the bond or bail is discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the surety. [MCL 765.28(2) (footnote omitted).]

Subsection (3) states:

> Subsection (2) does not apply if the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and judgment entered and the surety did not fully pay the forfeiture judgment within that 56-day period. [MCL 765.28(3)]

"MCL 765.28(2) and (3) provide a 'safe harbor' in which, if certain conditions are satisfied, a surety is entitled to a remittance of the forfeiture it paid." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 555. If the conditions are met, the trial court does not have discretion on whether it grants relief, "the forfeited recognizance must be returned." *Id*.

The parties dispute the proper interpretation of MCL 765.28(3). Bail My Tail argues MCL 765.28(3) does not apply because Shaver was apprehended within 56 days after the entry of the forfeiture judgment. Plaintiff, the People of the City of Southfield, on the other hand, argues Bail My Tail is not entitled to relief because the forfeiture judgment was not timely paid.

> The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. . . . When given their common and ordinary meaning, the words of a statute provide the most reliable evidence of its intent. . . . [*Calvert Bail Bond Agency, LLC*, 314 Mich App at 550-551 (citation omitted).]

Here, the statute is clear and unambiguous. "MCL 765.28(3) renders MCL 765.28(2) inapplicable in instances in which the criminal defendant is apprehended more than 56 days after

entry of the judgment of forfeiture *and* the surety has not paid the entire judgment within those same 56 days." *Calvert Bail Bond Agency, LLC*, 314 Mich App at 554 (emphasis added). "The Legislature's use of the word 'and' demonstrates that proof of *both* conditions is required." *In re Estate of Koehler*, 314 Mich App 667, 681; 888 NW2d 432 (2016). Under the plain language of MCL 765.28(3), then, a surety is not entitled to relief under MCL 765.28(2) where (1) the defendant was apprehended more than 56 days after the bail or bond was ordered forfeited and, (2) the surety did not fully pay the forfeiture judgment within that 56-day period.

In this case, the forfeiture judgment was entered on November 9, 2022. Shaver was apprehended and brought into custody on December 8, 2022, 29 days after the judgment was entered. Because Shaver was apprehended less than 56 days after the judgment the first prong of MCL 765.28(3) was not met. Because the first prong was not met, it is irrelevant whether Bail My Tail failed to pay the forfeiture judgment within 56 days of the judgment. <u>Both</u> conditions must be met for the exception to apply.

The exception set forth in MCL 765.28(3) being inapplicable, we turn to MCL 765.28(2). Under MCL 765.28(2), a trial court shall set aside the forfeiture and discharge the bond, when three conditions are met: (1) "the defendant has been apprehended," (2) "the ends of justice have not been thwarted," and (3) "the county has been repaid its costs for apprehending the person." MCL 765.28(2); *Calvert Bail Bond Agency, LLC*, 314 Mich App at 555. "The Legislature's use of the term 'shall' denotes mandatory action or direction." *Wilcoxon v City of Detroit Election Comm*, 301 Mich App 619, 631; 838 NW2d 183 (2013) (citation omitted). Thus, a trial court is *required* to set aside the forfeiture and discharge the bond if the three conditions are met. The parties do not dispute whether the first and third prongs of MCL 765.28(2) were met. Shaver was apprehended and there are no outstanding costs for Shaver's apprehension.

The parties do, however, dispute whether justice has been thwarted. Notably, "[t]his criterion is articulated in the past tense." *In re Forfeiture of Bail Bond*, 229 Mich App 724, 729; 582 NW2d 872 (1998). "[T]he inquiry is not whether return of the bond to the depositor would result in the thwarting of the ends of justice. Rather, the inquiry is whether the circumstances surrounding the forfeiture of the bond and subsequent apprehension of the defendant have already thwarted the ends of justice." *Id.* "[W]hether 'the ends of justice have not been thwarted' must turn on considerations beyond the fact that the defendant absconded and beyond the fact that he was eventually brought to justice." *Id.* Specifically, the following considerations are relevant to determining whether the "ends of justice have been thwarted" for purposes of MCL 765.28(2):

> 1. the depositor's role, if any, in hiding the defendant, failing to assist in the apprehension of the defendant, or affirmatively assisting in the apprehension of the defendant;
>
> 2. the length of time elapsing between the defendant's failure to appear and his ultimate apprehension;
>
> 3. the extent to which evidence has been lost (e.g., death or unavailability of witnesses, fading of witnesses' memories) or whether the prosecution's case has otherwise been affected by the delay;

4. the extent to which the defendant has committed additional crimes before apprehension, and the seriousness of such crimes;

5. the extent to which there has been a psychological or emotional effect upon the initial victim as a result of the defendant being at large;

6. the extent to which the defendant's apprehension was involuntary; and

7. the extent to which extradition or other legal procedures have been required, thereby causing additional delays in carrying out justice. [*Id*. at 730.]

Bail My Tail, in arguing justice was not thwarted, states Shaver was apprehended and delivered by them to the Southfield Police Department only 29 days after the forfeiture judgment was entered, that there is no indication there was a loss of evidence during Shaver's 29 days' absence, no allegation that Shaver committed any crimes before her apprehension, and no allegation or evidence of psychological or emotional effect on the initial victim due to Shaver's failure to appear for her probation violation hearing, and no indication that extradition or other legal procedures were required to secure Shaver. The People of the City of Southfield respond that defendant's failure to appear which resulted in the bond forfeiture at issue was the "final straw" in defendant's long history of failures to appear and comply with court order. According to the people, defendant's waste of judicial resources and the time of all other interested parties was significant, and to set aside the bond forfeiture would negate the purpose of the bond and thwart the ends of justice.

The district court did not consider the above arguments by the parties, nor did it consider the factors relevant to a determination of whether "the ends of justice have been thwarted" as stated in *In re Forfeiture of Bail Bond*, 229 Mich App at 730, instead relying on the exception in MCL 765.28(3) to find that Bail My Tail was not entitled to relief. Because we find that the exception to relief stated in MCL 765.28(3) does not apply, remand to the district court to determine if justice was thwarted in the first instance is necessary. We therefore vacate the district court's decision denying Bail My Tail's motion to set aside forfeiture and discharge bond and the circuit court's denial of Bail My Tail's leave to appeal, and remand to the district court to make determinations of whether the ends of justice have been thwarted.

Vacated and remanded. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford

-5-